# NASHVILLE, DECEMBER TERM, 1859.

ROBERT J. McKINNEY,  
ROBERT L. CARUTHERS, } *Judges.*  
ARCHIBALD WRIGHT,

---

## ATNIP v. GILBERT.

### GARNISHMENT.—*Right of Appeal.*

1. A defendant has no right of appeal from a judgment rendered against a garnishee, on the ground that the judgment is wrongful as against the garnishee. In such a case the Supreme Court will dismiss the appeal.

### SAME. *Statute construed.*

2. Section 3492 of the Code, which gives the right of appeal in all cases, at the instance of the plaintiff, the defendant, or the garnishee, only contemplates an appeal by the parties respectively, who may lie aggrieved.

### PRINCIPAL AND STAYOR. *Statute construed.*

3. Sections 3028 and 3029 of the Code, making it the duty of an officer having an execution, to exhaust the property of the principal before attaching that of the surety or stayor, has no application, where, from the death of the principal or other cause, his estate has ceased to be subject to the execution in the hands of the officer.

WRIGHT J., delivered the opinion of the Court :

Gilbert had a judgment against Atnip in the Circuit Court of DeKalb County, and the sheriff who had the execution being unable to find any property of Atnip's to satisfy the same, made return to that effect, and summoned Thomas Pack to answer upon oath what he was indebted to Atnip.

Atnip v. Gilbert

Pack, in answer, stated that he was indebted to Atnip as the stayor of one Milton who was dead, in a judgment before a justice of the peace, against the latter, in favor of Atnip to an amount greater than the debt to Gilbert; that this judgment remained unpaid, and had never been revived against the personal representatives of Milton, he in fact having none. Upon these facts, the Circuit Court gave judgment in favor of Gilbert against Pack, the garnishee, from which Atnip appealed to this court.

It is now insisted that the judgment of the circuit court is erroneous, because the estate of Milton should have been first exhausted, before Pack, the stayor, was called on to pay the judgment, that until this was done he was not the debtor of Atnip in the sense contemplated by the garnishment laws.

For this argument there are two answers. First. Atnip here, has no right of appeal. He does not complain of the judgment and execution against him, but only that Pack, the garnishee, is aggrieved because the estate of his principal is not exhausted. But it does not lie with him to interpose for the benefit of Pack, who is content with the judgment upon the garnishment. Baldwin & Campbel, vs. Merrill, 8 Hump. 132. (1)

(1) The language of the court in *Baldwin & Campbell v. Merrill* is as follow    "We are also of opinion that the defendant may properly apply to have the execution against the garnishee superseded or quashed. He is the only person to be injured; the garnishee had no interest in the matter, as the judgment would be a sufficient protection for him."

At first blush these cases would seem to be in conflict; but it must be remembered that in the case in 8 Humphreys, Merrill sought by *certiorari* and *supersedeas* in the return of the obsolete writ of *audita querela* to have an execution against the garnishee his debtor, superseded and quashed, on the ground that the original judgment against him had been satisfied. He complained of an injury about to be done

That provision in the Code at sec. 3492, which gives the appeal in all garnishment cases, at the instance of the plaintiff, the defendant, or the garnishee, and which is but the re-enactment of the previous law on the subject;— only contemplates the appeal by the parties respectively, who may be aggrieved. (2)

Second. Sections 3028 and 3029, of the Code making it the duty of an officer having the collection of a judgment against a principal and his surety, or stayor to exhaust the property of the principal, both real and personal, before proceeding to sell the surety, or stayor, can have no application where from the death of the principal, or from other cause, his estate has ceased to be subject to the execution in the hands of the officer.

We need only refer to Cheatham vs. Brien, 3 Head. 252 ; decided at the present term, and Atkinson & Cobb vs. Rhea, 7 Hump. 59. (3)

*Appeal dismissed.*

him in the seizing of his debt in the hands of his debtor to satisfy an other debt already paid; while Atnip in the case above reported complains only of the supposed wrong against the garnishee, who is content This distinction brings the cases into harmony.

A garnishee can only be charged on his own answer; it is conclusive for or against himself. Moses v. McMullen, 4 Cold. 242, 244 ; Turner v. Oglesby, 9 Yerg. 412; Moore v. Green, 4 Humph. 299; Huff v. Mills, 7 Yerg. 42, 43 ; Foster v. Saffell; 1 Swan, 90, 91; Brown v. The State, 7 Humph. 112; Drane v. McGavack, 7 Humph. 132; Conner v. Allen, 3 Head. 418, 424.

Unless the sum in controversy is less than fifty dollars. Code, 3103.

(2) And so, while the garnishee is entitled to all the legal defences he could have against the suit of his creditor, (Hinkle v. Currin, 2 Humph. 137;) yet he cannot set up by way of defence matters which effect only the defendant debtor. Coleson v. Blanton, 3 Hayw., 153, 156 ; Cheatham v. Trotter, Peck, 198.

(3) See also Cabiness v. Garrett, 1 Yerg. 491.