JEFFREY GREEN, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

First District (2nd Division)   No. 85—1236

Opinion filed December 30, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

The instant case involves an application for restoration of driving privileges made by plaintiff-appellee, Jeffrey Green. The Secretary of State's office (defendant-appellant herein) had rejected plaintiff's application following an administrative hearing on the request, and plaintiff sought administrative review of that decision in the circuit court. The court affirmed the Secretary's decision insofar as full restoration of driving privileges was concerned; the court nonetheless ordered the Secretary of State to issue plaintiff a restricted driving permit (RDP). The Secretary appeals from this latter decision.

Plaintiff's driving record over the last decade consists of the fol-

lowing violations and actions: plaintiff has twice been convicted of speeding (once at a speed in excess of 100 miles per hour); his driver's license has been revoked two times; on three occasions he has been convicted of a variety of lane usage or passing violations; and he has twice been convicted of driving under the influence.

An administrative hearing was held on plaintiff's application for reinstatement of driving privileges in August 1983. At that hearing, evidence was adduced showing that plaintiff was a recovering alcoholic, that he had submitted to an alcohol evaluation, and that he had completed a remedial driving/alcohol education program in June 1983. Plaintiff acknowledged his alcoholism, and stated that he had begun attending Alcoholics Anonymous (A.A.) meetings in June 1983. Between that time and the date of the hearing in August, he had attended four or five such meetings. Plaintiff also asserted at that time that he was unemployed.

The Secretary of State adopted the findings of the hearing officer and accordingly denied plaintiff's application for privileges on November 8, 1983. Those findings consisted of the following: (a) that plaintiff was an alcoholic, but despite his acknowledgment of the problem, he had failed to submit any substantial proof of his alleged period of sobriety and progress to ascertain that he would not constitute a threat to public safety; (b) plaintiff submitted no evidence of his current condition to show sufficient recovery and his request for reinstatement of driving privileges was outweighed by public safety concerns; and (c) plaintiff's evidence was inconsistent and inconclusive as to the length of time he had been actively involved in A.A. It was from these findings that plaintiff sought administrative review.

That hearing was held on March 29, 1985. At that hearing the administrative proceedings were introduced, and the court heard argument based on them. Plaintiff claimed that he was employed when he appeared in the circuit court. The court affirmed the Secretary's denial of full reinstatement; however, the court directed the Secretary to issue an RDP to plaintiff, stating that "the Secretary of State's attitude results in people who are convicted of this offense which is a misdemeanor, are treated more shabbily than convicted fellons [sic] who are paroled." This appeal followed.

■ Initially, we note that plaintiff has not filed a brief in this court, nor has an appearance been entered by counsel on his behalf. This court clearly has the authority to address the merits of the case in the absence of a responsive filing by appellee (*People v. Copeland* (1980), 92 Ill. App. 3d 475, 415 N.E.2d 1173); however, we are not obligated to act as appellee's advocate due to his failure. (*Smith v. Georgia*

*Pacific Corp.* (1979), 76 Ill. App. 3d 667, 395 N.E.2d 214.) While generally speaking a court of review should not be compelled to search the record for the purpose of sustaining the circuit court's judgment, if justice requires we are empowered to do so. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The Secretary asserts that the circuit court erred in directing the issuance of an RDP to plaintiff. He maintains that the legislature vested the discretionary authority in his office to grant or deny driving privileges to applicants such as plaintiff and that the decision of his office may not be cavalierly overturned. Rather, it can be dispensed with only under narrow circumstances, which the Secretary asserts are absent herein. Accordingly, the Secretary argues that the circuit court effectively usurped his function when it directed the issuance of an RDP.

█ It is significant at the outset to note that the Secretary's decision to deny full reinstatement of driving privileges was *upheld* by the circuit court. That court apparently found that the Secretary's decision had an evidentiary basis. In contradiction to that finding, however, the court ordered the RDP. The grant or denial of an RDP is addressed by the Illinois Vehicle Code, which provides:

> "[T]he Secretary of State in his discretion, without regard to whether such recommendation is made by the court, may, if application is made therefor, issue to such person a restricted driving permit granting the privilege of driving a motor vehicle between his residence and his place of employment or within other proper limits, except that this discretion shall be limited to cases where undue hardship would result from a failure to issue such restricted driving permit." (Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(c).)

The concept of "undue hardship" has been defined as follows:

> "a difficulty in regard to getting to and from an applicant's place of employment or to operate on a route during employment, *e.g.*, as a delivery man, because of the suspension or revocation of the applicant's driver's license. It is more than mere inconvenience on the applicant, and pertains only to the applicant." (92 Ill. Admin. Code ch. II, sec. 1001.410 (1983).)

The hardship must be current, and all other alternative modes of transportation must be unavailable to the applicant before an "undue" hardship will be found. Even where such hardship is present, the Secretary must still balance that hardship against the danger to public safety before issuing a permit, even though the RDP would only allow the appli-

cant behind the wheel for a fixed purpose and time frame. 92 Ill. Admin. Code ch. II, secs. 1001.410, 1001.420 (1983); *Sheldon v. Edgar* (1985), 131 Ill. App. 3d 489, 475 N.E.2d 956.

■ Our supreme court addressed the scope of review of administrative decisions in *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 391, 469 N.E.2d 1085, wherein that court stated:

> "The Administrative Review Act provides that the findings and conclusions of an administrative agency on questions of fact are considered to be *prima facie* true and correct. [Citation.] This statute has been construed to mean that courts may not interfere with the discretionary authority vested in administrative bodies unless that authority is exercised in an arbitrary or capricious manner [citation] or the administrative decision is against the manifest weight of the evidence [citations]. *** [A court's] sole function is to ascertain whether the findings of the administrative agency are contrary to the manifest weight of the evidence."

In this regard, courts do not conduct a *de novo* review of the evidence or allow the introduction of additional evidence; rather, the court should consider only the evidence adduced before the hearing officer. See *Burke v. Board of Review* (1985), 132 Ill. App. 3d 1094, 1098, 477 N.E.2d 1351 (and cases cited therein); Ill. Rev. Stat. 1985, ch. 110, par. 3—110.

Within this framework, the only way the circuit court could have directed the issuance of an RDP would be upon a finding that the Secretary's decision was erroneous on the question of undue hardship. This is particularly evident given the court's affirmance of the Secretary's denial of full reinstatement. The record simply does not support such a finding.

■ The circuit court's grant of an RDP was clearly erroneous. Initially, we note that at the administrative hearing, plaintiff explicitly acknowledged that he was unemployed, and that the hearing officer's report relied upon that fact. Indeed, the hearing addressed not a request by plaintiff for an RDP, but his request for full reinstatement of driving privileges. Since plaintiff was out of work, the question of an RDP was not even at issue.

■ Plaintiff's employment at the time of the administrative review hearing was not a matter of record. That fact constituted new evidence, which the Administrative Review Law specifically bars. (See Ill. Rev. Stat. 1985, ch. 110, par. 3—110 ("No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court. The

findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct").) The Secretary had specifically adopted the hearing officer's findings and conclusions in rejecting plaintiff's application. That being the case, the circuit court herein erred when it entertained additional facts not before the hearing officer. Since plaintiff had become employed since the date of the original hearing, a fact which would conceivably have altered the hearing officer's determinations, he should simply have reapplied to the Secretary for an RDP, rather than seek review of circumstances which were not before the hearing officer.

Even had the fact of his employment been before the hearing officer, however, the circuit court's decision would still be in error. As previously noted, the scope of administrative review is narrow, and the court may not properly invade the agency's discretion simply because of a disagreement with the result. The circuit court in these circumstances is charged with the obligation of determining only whether the decision under review was arbitrary or capricious or against the manifest weight of the evidence. In this case, the court ranged well beyond this field of review.

■ It is manifest from a reading of the transcript of proceedings that the circuit court overturned the Secretary's decision not because it lacked evidentiary support, but because the court did not like the way the Secretary's office was exercising his statutory discretion in supervising the issuance of RDPs. The following colloquy is demonstrative of the circuit court's reasoning:

"State: Your Honor, before the issuance of the RDP can be granted by the Secretary of State—and this is a State requirement—there has to be a showing of hardship. *** [T]here has been no showing of hardship on the record.

Court: I have ruled.

State: Judge, under—

Court: You have a right to take it up, sir.

State: *** I would ask for some statement [of the circuit court's reasons] on the record.

Court: The reasons are, in the Court's opinion, the attitude of the Secretary of State is such that those convicted of driving under the influence of alcohol are treated more shabbily than convicted felons. ***

State: Judge, I would ask also respectfully that you, you make some statement as to the hardship that you find this Plaintiff is under. Why the necessity exists for him to have a restricted driving permit?

> Court: The hardship is implicit by reason of the fact that during the entire period he was unemployed and living in an unincorporated Cook County area."

Whatever the validity of the circuit court's statements, they do not rise to the level required for issuance of an RDP. The court agreed with the Secretary's denial of full privileges. The fact that plaintiff had difficulty finding work does not create a reason for an RDP. Rather, work is a prerequisite for an RDP. The fact that plaintiff was living in an unincorporated area similarly provides no basis for the court's order. The legislature did not create such an exception, and the circuit court was not empowered to do so either. In the final analysis, the legislature committed these decisions to the sound discretion of the Secretary of State. The Secretary determined that in view of plaintiff's short period of sobriety, the number and tenor of his prior driving infractions, and the paucity of evidence to support a finding that renewed privileges would not constitute a danger to the public safety, plaintiff should not be granted reinstatement. That determination was amply supported by the record. The circuit court's disagreement with the Secretary's administration of that discretion does not equate with the factual error or arbitrary action required for overturning his decision.

■ In conclusion, the Secretary of State's office is charged with the task of balancing the risk to the public against the hardship caused by termination of driving. (*Foege v. Edgar* (1982), 110 Ill. App. 3d 190, 441 N.E.2d 1267.) As this division stated last year:

> "Deaths and injuries attributable to driving under the influence have reached epidemic proportions. Stricter licensing and enforcement laws and procedures have become a trend ***. *** Although [requiring tests by applicants for reinstatement] may seem a bit harsh to those involved, 'even the appearance of harshness tends to fade when compared to laws now existent in many countries ***.' " (*Sheldon v. Edgar* (1985), 131 Ill. App. 3d 489, 493-94, 475 N.E.2d 956.)

Since the record supports the Secretary's determination, and indeed is bereft of competent evidence of employment, let alone hardship, the Secretary's decision must be upheld. That portion of the circuit court's order affirming the denial of full reinstatement is accordingly affirmed, and that portion of the circuit court's order directing issuance of an RDP must be vacated.

Affirmed in part, vacated in part, and remanded.

BILANDIC, P.J., and STAMOS, J., concur.