RAYMOND SCHULTZ, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

First District (3rd Division)   No. 87—1478

Opinion filed May 11, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Diane Curry-Grapsas, Assistant Attorney General, of Chicago, of counsel), for appellant.

Dennis R. Torii, of Bensenville, for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Cook County directing him to reinstate the driver's license of plaintiff Raymond Schultz. On appeal, defendant contends that the circuit court erred in reversing his decision to deny plaintiff's request for reinstatement of his driving privileges after plaintiff's license was revoked due to a Wisconsin conviction for driving under the influence (DUI).

On August 16, 1985, plaintiff was arrested in Wisconsin for DUI. Plaintiff and his wife were driving back from a wedding they attended when plaintiff was stopped for speeding. He submitted to a breathalyzer test which indicated that his blood-alcohol concentration was .16. Plaintiff then retained the services of a Wisconsin attorney who recommended that plaintiff plead guilty to the DUI offense. Following his Wisconsin conviction, plaintiff's driver's license was suspended for three months in Wisconsin beginning on September 24, 1985. Pursuant to section 6—702 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—702) defendant was notified of plaintiff's conviction, and plaintiff's driver's license and driving privileges in Illinois were subsequently revoked (Ill. Rev. Stat. 1985, ch. 95½, par. 6—703).

Following the revocation of his license, plaintiff filed a request for a formal hearing to apply for reinstatement of his driving privileges or for a restricted driving permit (RDP).

At the hearing, plaintiff testified to drinking approximately 30 cans of beer each week and initially stated that he drank four to five cans of beer each weekend day but later increased this estimate to eight cans on both weekend nights. He also stated that he never drank "hard liquor" and that his tolerance for alcohol had increased from what it was when he first started drinking. Plaintiff denied being an alcoholic and stated that his alcohol counselor had never recommended that he give up drinking or attend Alcoholics Anonymous meetings.

Plaintiff also testified that he had been employed as a machinist for 40 years, that he was married and that he had five children. He stated that he and his family live in Wood Dale, which is about 10 miles from his place of employment. Plaintiff stated that, after his license was revoked, he was driven to and from work by a fellow employee.

Following the administrative hearing, the hearing officer concluded that: (1) plaintiff was at risk of developing an alcohol problem if he did not change his drinking pattern; (2) plaintiff showed no evidence that his drinking pattern had changed, so that the likelihood that he would repeat the DUI offense remained the same; (3) plaintiff did not demonstrate undue hardship in finding transportation for work or that he would be a safe, responsible driver; and (4) plaintiff failed to present sufficient evidence to warrant reinstatement of his driving privileges or for the issuance of an RDP.

The hearing officer recommended that plaintiff's petition for rescission of the order of revocation and reinstatement of full driving privileges or for the issuance of an RDP be denied. The hearing officer's findings, conclusions and recommendations were then adopted by defendant, and on April 9, 1986, plaintiff filed a complaint for administrative review in the circuit court of Cook County. The circuit court reversed defendant's decision on the grounds that the defendant "did not have the authority to add punishment on punishment" when he revoked plaintiff's license based on a Wisconsin DUI conviction when a Wisconsin court only suspended plaintiff's driving privileges for three months.

■ Defendant contends that his order denying the reinstatement of plaintiff's driver's license or the issuance of a restricted driving permit was not arbitrary, capricious or against the manifest weight of the evidence and that the circuit court erred in reversing it. The findings and conclusions of an administrative agency on questions of fact are considered *prima facie* true and correct, and a reviewing court may not interfere with the administrative agency's discretionary authority unless it is exercised in an arbitrary or capricious manner. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085; *Cusack v. Edgar* (1985), 137 Ill. App. 3d 505, 483 N.E.2d 1332.) A reviewing court is not to reweigh the judgment or make an independent determination. Its only function is to decide whether the administrative agency's findings were against the manifest weight of the evidence. *Markowski v. Edgar* (1986), 151 Ill. App. 3d 176, 502 N.E.2d 1304.

The circuit court on administrative review reversed defendant's decision on the ground that he had no authority to "add punishment on punishment" where the Wisconsin court had suspended plaintiff's driver's license for three months for the same DUI conviction.

■ Defendant has the discretionary authority to revoke the Illinois driver's license of those persons convicted of DUI in another jurisdiction pursuant to sections 6—205(a)(2), 6—206(a)(6), and 6—703(a)(2) of the Illinois Vehicle Code. (Ill. Rev. Stat. 1985, ch. 95½,

pars. 6—205(a)(2), 6—206(a)(6), 6—703(a)(2).) The Illinois legislature has entrusted defendant with exclusive authority to regulate the issuance or denial of Illinois driver's licenses, and it would be contrary to public policy in Illinois to require defendant to apply a more lenient Wisconsin statute to plaintiff's offense. *Rigney v. Edgar* (1985), 135 Ill. App. 3d 893, 482 N.E.2d 367.

■ Plaintiff argues that revocation of his driver's license was also improper because he was a first-time DUI offender and may have received court supervision rather than a conviction if he had been prosecuted in Illinois. However, this argument provides no basis to overturn the revocation of plaintiff's driver's license where he committed a DUI offense while on a Wisconsin highway and was therefore subject to the laws of that jurisdiction. Furthermore, not every first-time DUI offender in Illinois is granted court supervision, which is a determination solely within the discretion of the trial court.

■ Because defendant properly used his discretionary authority to revoke plaintiff's driver's license, the only relief plaintiff was entitled to at the time of the administrative hearing was an RDP, and he was not eligible for full reinstatement of his driving privileges until the expiration of one year from the date of revocation. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208(b)(2).) However, defendant has the authority pursuant to section 6—205(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(c)) to issue a restricted driving permit, which limits driving privileges to the hours of employment. The applicant must show that deprivation of driving privileges causes undue hardship regarding employment, that no other transportation is available and that issuance of a restricted driving permit will not endanger public safety and welfare. *Sutton v. Edgar* (1986), 147 Ill. App. 3d 723, 498 N.E.2d 295; *Markowski v. Edgar* (1986), 151 Ill. App. 3d 176, 502 N.E.2d 1304.

The hearing officer in the instant case determined that plaintiff failed to provide any evidence that his former drinking pattern had changed and concluded that the same factors that led to plaintiff's DUI arrest were still present. The hearing officer also found plaintiff's testimony regarding the quantity of alcohol he consumed inconsistent and contrary to the documented evidence of the breathalyzer test results. Because of these inconsistencies the hearing officer gave minimal weight to the report classifying plaintiff as a "non-problematic user." Plaintiff also testified that he lived about 10 miles from his place of employment and was provided with transportation to and from work by a fellow employee. Based on this evidence, the hearing officer concluded that any hardship plaintiff may incur as a result of a

denial of the issuance of an RDP was outweighed by the need to consider public safety and welfare. Accordingly, we also conclude that this determination was supported by the evidence and properly adopted by defendant. *Green v. Edgar* (1986), 151 Ill. App. 3d 163, 502 N.E.2d 1193.

For these reasons, we find that defendant's revocation of plaintiff's driver's license and his denial of plaintiff's petition for full reinstatement or issuance of a restricted driver's permit was proper. Therefore, the order of the circuit court requiring defendant to reinstate plaintiff's driver's license is reversed.

Order reversed.

McNAMARA and FREEMAN, JJ., concur.