TODD R. MILLS, Plaintiff-Appellee, v. JIM EDGAR, State of Illinois, Secretary of State, Defendant-Appellant.

Fourth District   No. 4—88—0559

Opinion filed February 2, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Respicio F. Vazquez and Stephen J. Rotello, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Michael H. Vonnahmen, of Springfield, for appellee.

JUSTICE GREEN delivered the opinion of the court:

Plaintiff Todd R. Mills sought review in the circuit court of Sangamon County of an administrative decision by defendant Jim Edgar, Secretary of State, denying plaintiff's petition for rescission of its previous order revoking plaintiff's driver's license. The circuit court reversed defendant's decision, finding it was contrary to law, and subsequently ordered defendant to rescind the revocation of plaintiff's driver's license. Defendant appeals from that decision. We reverse.

The evidence in this matter indicates that, on July 27, 1987, the circuit court of Lake County in Leadville, Colorado, entered judgment on plaintiff's plea of guilty to the offense of driving while ability impaired. (Colo. Rev. Stat. §42—4—1202(1)(b) (1984).) Upon learning of this conviction, the defendant entered an order revoking plaintiff's Illinois driver's license pursuant to section 6—205(d) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(d)). That section authorizes defendant to revoke the driving privileges of any person under the age of 21 who is convicted of driving under the influence of alcohol. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.) Plaintiff petitioned defendant to rescind that order, but defendant denied his request as aforementioned.

■ By enactment of article VII of chapter 6 of the Code, Illinois entered into an agreement with various States creating a "driver license compact." (Ill. Rev. Stat. 1987, ch. 95½, par. 6—700 et seq.) Through this compact, the licensing authority of a party State notifies the licensing authority of a home State whenever a licensee from the home State receives certain types of convictions for motor vehicle offenses in the party State. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—702.) Colorado is also a party to this compact. Colo. Rev. Stat. §24—60—1101 et seq. (1988).

For purposes of revoking a driver's license, section 6—703(a) of the Code mandates the licensing authority in a home State to "give the same effect to the conduct reported [by a party State] *** as it would if such conduct had occurred in the home state," in regard to various criminal convictions, including those for "[d]riving a motor vehicle while under the influence of intoxicating liquor." (Ill. Rev. Stat. 1987, ch. 95½, par. 6—703(a)(2).) Section 6—703(c) of the Code states:

> "If the laws of a party state do not provide for offenses or violations denominated or described in precisely the words employed in paragraph (a) of this Section, such party state shall construe the denominations and descriptions appearing in paragraph (a) hereof as being applicable to and identifying those offenses or violations of a *substantially similar* nature, and the laws of such party state shall contain such provision as may be necessary to ensure that full force and effect is given to this Section." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 6—703(c).

■ We conclude that the offense of driving while ability impaired, for which plaintiff was convicted in Colorado (Colo. Rev. Stat. §42—4—1202(1)(b) (1984)), results from conduct "substantially similar" to conduct which would constitute driving while "under the influence of alcohol" as prohibited by section 11—501(a)(2) of the Code. We reach this conclusion by a comparison of the statutory format of the two States in regard to penal provisions for persons who drive after having consumed alcoholic beverages.

Illinois law provides for a single offense of driving under the influence of alcohol or other drugs. Absent exceptional aggravating circumstances not applicable here, the offense is a misdemeanor. A person commits the offense when he ingests alcohol and drives with an alcohol concentration in blood or breath of 0.10 or more of described units (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)) or when he drives while "[u]nder the influence of alcohol" (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)).

Colorado law, on the other hand, recognizes three offenses involving driving after consuming alcohol: (1) driving under the influence; (2) driving while impaired; and (3) driving with excessive alcoholic content. (Colo. Rev. Stat. §§42—4—1202(1)(a), (1)(b), (1.5)(a) (1984).) All are misdemeanors. The first occurs when a person drives "under the influence of intoxicating liquor." (Colo. Rev. Stat. §42—4—1202(1)(a) (1984).) The second offense occurs when a person drives "while such person's ability to operate a vehicle is *impaired* by the consumption of alcohol." (Emphasis added.) (Colo. Rev. Stat. §42—4—

1202(1)(b) (1984).) The final offense occurs when "the amount of alcohol in [the blood of a person driving] is 0.15 or more." Colo. Rev. Stat. §42—4—1202(1.5)(a) (1984).

The Colorado Supreme Court has concluded that the standard of proof for the offense of driving under the influence is impairment to a *"substantial degree"* (emphasis added) (*Thompson v. Colorado* (1973), 181 Colo. 194, 201-02, 510 P.2d 311, 314), while the standard of proof for the offense of driving while impaired is impairment to the *"slightest degree"* (emphasis added) (*Thompson*, 181 Colo. at 199, 510 P.2d at 313). An Illinois pattern jury instruction defines the term "under the influence of intoxicating liquor" as follows: "A person is under the influence of intoxicating liquor when as a result of drinking any amount of intoxicating liquor his mental and/or physical faculties are *so impaired* as to *reduce* his ability to think and act *with ordinary care."* (Emphasis added.) Illinois Pattern Jury Instructions, Criminal, No. 23.05, at 530 (2d ed. 1981).

Comparison of the two definitions indicates that one guilty of driving while impaired under Colorado law is guilty of driving under the influence in Illinois. When one's ability to perform a function is impaired, it is reduced. If the ability is only slightly impaired, it is only slightly reduced. If it is substantially impaired, it is substantially reduced. The Illinois pattern instruction appears to state that any reduction in the ability of a motorist to drive is sufficient to support a conviction. Thus, a slight impairment which leads to a slight reduction in the motorist's ability to drive is sufficient to support a conviction.

In both States, proof of a 0.05 or less concentration of alcohol gives rise to a conclusive presumption that the accused is not guilty of any of the offenses involved here. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2(b)(1); Colo. Rev. Stat. §42—4—1202(1.5)(a) (1984).) In Illinois, if the proof shows an accused drove with an alcohol content in his breath or blood of between 0.05 and 0.10, no presumption arises as to whether that person was under the influence of alcohol. On the other hand, under Colorado law a person with a 0.05 to 0.10 concentration is presumed to be guilty of driving while impaired. Thus, a person could be presumed guilty of driving while impaired in Colorado under circumstances where that person's guilt of driving under the influence would be a question for the trier of fact in Illinois. This gives some indication that the Colorado driving while impaired provision covers some conduct which would not be considered driving under the influence in Illinois. However, Illinois permits convictions of driving under the influence when the accused has a blood-alcohol content of only 0.05.

Despite the difference between the lowest level of alcohol content at which a presumption arises, we find the minimum conduct giving rise to the offenses of the lesser Colorado offense and the driving under the influence offense in Illinois to be "substantially similar" within the meaning of section 6—703(c) of the Act. Ill. Rev. Stat. 1987, ch. 95½, par. 6—703(c).

Plaintiff maintains that, if he were charged with driving under the influence in Illinois, and his impairment was no worse than that which would have merely constituted driving while impaired under Colorado law, he would likely have been placed on supervision (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—1(c); compare Colo. Rev. Stat. §16—7—403 (1986)), no conviction would have been obtained, and he would not have lost his driving privileges. This supposition is too speculative to be of assistance in deciding the issue before us. Moreover, section 6—703 of the Code, which provides for reciprocal powers of license revocation, indicates the "conduct" giving rise to the offenses in the various States is the element to compare and not the penalties.

The defendant seeks to support the action revoking plaintiff's driver's license by evidence that a test made of plaintiff's blood immediately after the Colorado offense indicated a blood-alcohol concentration of 0.153. We need not decide whether such evidence is properly before us. The defendant is permitted to act under sections 6—702 and 6—703 of the Code upon the basis of a conviction in another State. As we have indicated, the comparison with Illinois law which must be made to determine whether the person's driver's license is subject to revocation is the conduct inherent in the offense for which the conviction was obtained and not conduct which might indicate the commission of a more serious offense. Defendant's case is not enhanced by this evidence.

As we have indicated, we reverse the judgment of the circuit court which reversed the decision of defendant to revoke the plaintiff's driver's license. The decision of the defendant is affirmed.

Circuit court reversed, Secretary of State affirmed.

McCULLOUGH, P.J., and SPITZ, J., concur. .