NO. 4-03-0150

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

HELEN K. BRUCE
,

          Plaintiff-Appellee,

          v.

JESSE WHITE, Secretary of State, 

State of Illinois,

          Defendant-Appellant.

)

)

)

)

)

)

)

)

  Appeal from

  Circuit Court of 

  Sangamon County

  No. 02MR340

      

  Honorable

  Leslie Graves,

  Judge Presiding.

________________________________________________________________

JUSTICE TURNER delivered the opinion of the court:

Illinois Secretary of State Jesse White (Secretary) appeals a Sangamon County circuit court order, reversing his June 13, 2002, order that denied the petition for the rescission of an order of suspension filed by plaintiff, Helen K. Bruce.  We reverse the circuit court's judgment and reinstate the Secretary's denial of plaintiff's petition.

I. BACKGROUND

Plaintiff was born in July 1967 and got her first driver's license at age 16 under the name Helen K. Chamberlin.  On June 4, 1989, plaintiff received a suspension for failing to appear, which was cleared on August 12, 1998.  In August 1990, plaintiff got married and changed her name to Helen K. Bruce.  In 1995, she obtained a driver's license in her married name.  

Pursuant to section 6-206(a)(9) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/6-206(a)(9) (West Supp. 1997)), the Secretary entered an order of suspension, effective June 10, 1998, based on plaintiff's "having made a false statement or knowingly concealed a material fact or having used false information or identification in an application for a license, identification card[,] or permit."  The suspension had a termination date of June 10, 1999.  The Secretary also entered an order, effective June 15, 1998, cancelling plaintiff's driver's license because section 6-103(3) of the Vehicle Code (625 ILCS 5/6-103(3) (West Supp. 1997)) prohibited her from obtaining a license during a period of suspension.

In April 2002, pursuant to section 2-118 of the Vehicle Code (625 ILCS 5/2-118 (West 2002)), plaintiff filed a request for a formal hearing, seeking to clear her record of the 1998 suspension.  On May 3, 2003, the hearing officer held a hearing.  Plaintiff first testified she got a driver's license in her married name at the time of her August 1990 marriage.  She later testified she got a driver's license in her married name in 1995.  She explained that she did not drive after she got married because she lived in Chicago, and her husband did all of the driving.    

When she got her driver's license in her married name, plaintiff recalled an employee filling out the application and asking her several questions, including whether her license had ever been suspended, to which she replied no.  When presented with the application, plaintiff stated it was her signature on the application.  Plaintiff denied knowing at that time that her license was suspended. 

In 1998, a police officer pulled plaintiff over and informed her that her license was suspended.  She called the Secretary's office and learned she had failed to pay a ticket.  According to the certification of traffic violation disposition, on July 21, 1998, plaintiff paid the fine for a case disposed of on March 22, 1989.  She did not remember getting the 1989 ticket.  Plaintiff testified she never got notice the Secretary suspended her license and did not know of the suspension when she obtained her driver's license in her married name.  She also denied knowingly making a false statement to the Secretary's office.  Plaintiff admitted she had moved a lot and had not notified the Secretary's office of her address changes.  However, she did have her mail forwarded.  Plaintiff also testified she did not recall moving for a period of time when she did not have a driver's license.

After the hearing, the hearing officer entered an order, finding, 
inter
 
alia
, the following:  (1) plaintiff admitted she applied for a driver's license on February 21, 1995, in the name of Helen K. Bruce; (2) plaintiff answered no to the application's question of whether her driver's license had "' ever been suspended, revoked, cancelled[,] or refused in any state under this or any other name'"; (3) plaintiff also admitted she previously held a license in the name Helen K. Chamberlain; (4) that license was suspended on June 4, 1989, pursuant to section 6-306.3 of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95 1/2, par. 6-306.3), when plaintiff failed to appear in court on a traffic citation where she had posted her driver's license in lieu of bail; (5) plaintiff did not deny the suspension was entered but did deny she was aware of the suspension when she applied for a license in February 1995; (6) plaintiff's demeanor was indignant; and (7) plaintiff's testimony was not credible.    

The hearing officer concluded plaintiff failed to meet her burden of proof, noting that, if plaintiff did not receive the notice of the 1989 suspension, it was because she failed to fulfill her obligation of informing the Secretary of her change in address.  He also noted plaintiff did not have a license in her possession for nearly six years.   

On June 13, 2002, the Secretary adopted the hearing officer's findings of fact and conclusions of law and thus denied plaintiff's petition.

On June 26, 2002, plaintiff filed a complaint in the circuit court pursuant to the Administrative Review Law (735 ILCS 5/3-101 through 3-113 (West 2002)), seeking review of the Secretary's decision.  After a January 2003 hearing, the circuit court reversed the Secretary's June 13, 2002, decision; reversed the June 1998 order suspending plaintiff's driver's license; and ordered the June 1998 suspension stricken from plaintiff's record.  This appeal followed. 

II. ANALYSIS

A reviewing court may not overturn an administrative agency's decision unless the administrative agency exercised its authority in an arbitrary and capricious manner or its decision was against the manifest weight of the evidence.  An administrative agency's findings and conclusions on questions of fact are 
prima
 
facie
 true and correct.  If anything in the record fairly supports the agency's decision, that decision is not against the manifest weight of the evidence.  
Mohr v. White
, 324 Ill. App. 3d 643, 647, 756 N.E.2d 434, 437 (2001).  Additionally, we review the administrative agency's decision and not the circuit court's decision.  
Mefford v. White
, 331 Ill. App. 3d 167, 173, 770 N.E.2d 1251, 1256 (2002). 

Initially, we begin by setting forth who had the burden of proof at the hearing and what the standard of proof was.  In this case, plaintiff had the burden of proof to demonstrate she was entitled to rescission of the suspension order.  See 92 Ill. Adm. Code §1001.100(s) (Conway Greene CD-ROM January 2002).  Citing 
Sutton v. Edgar
, 147 Ill. App. 3d 723, 498 N.E.2d 295 (1986), and section 1001.440(b) of Title 92 of the Illinois Administrative Code (Administrative Code) (92 Ill. Adm. Code §1001.440(b) (Conway Greene CD-ROM January 2002)), the hearing officer found the clear-and-convincing-evidence standard was the appropriate standard of proof.  However, section 1001.100(s) of Title 92 of the Administrative Code (92 Ill. Adm. Code §1001.100(s) (Conway Greene CD-ROM January 2002)) provides that, at formal hearings of the Secretary, "[t]he standard of proof is the preponderance of the evidence, except as provided for in [s]ubpart D [(92 Ill. Adm. Code §§1001.400 through 1001.490 (Conway Greene CD-ROM January 2002))]."  The provisions of subpart D that provide for a clear-and-convincing-evidence standard do not apply to this case.  See 92 Ill. Adm. Code §1001.420 (restricted driving permits), §1001.430 (reinstatement of driving privileges after revocation), §1001.440 (alcohol- and drug-related revocations, suspensions, and cancellations), §1001.485 (reinstatement application based upon another state's issuance of a driver's license) (Conway Greene CD-ROM January 2002).  Moreover, 
Sutton
 addressed the standard of proof as provided for in a former version of section 1001.100 of Title 92 of the Administrative Code (92 Ill. Adm. Code §1001.100(8) (1984)), which has since been amended.  See 
Sutton
, 147 Ill. App. 3d at 729, 498 N.E.2d at 299.  Accordingly, plaintiff had to prove by a preponderance of the evidence that she was entitled to rescission of the 1998 suspension.

While the hearing officer applied the incorrect standard of proof, that misapplication does not require reversal of the Secretary's denial of the petition.  At the hearing, plaintiff did not dispute the fact that her driver's license was suspended in 1995 when she applied for a driver's license in her married name.  Moreover, she admitted that, on the 1995 driver's license application, she answered no to the question of whether her driver's license had ever been suspended.  Her only argument for rescission was that she did not know her license was suspended when she answered no on the application.  

Section 6-206(a)(9) of the Vehicle Code (625 ILCS 5/6-206(a)(9) (West Supp. 1997)) allows the Secretary to suspend a person's driving privileges, without a preliminary hearing, upon a showing of the person's records or other sufficient evidence that the person "[h]as made a false statement or knowingly concealed a material fact or has used false information or identification in any application for a license, identification card, or permit."  Section 6-206(a)(9) does not contain any language that the person had to know or should have known he or she was making a false statement.  

Plaintiff cites 
Prime Leasing, Inc. v. Kendig
, 332 Ill. App. 3d 300, 773 N.E.2d 84 (2002), 
in support of her assertion that she must have knowingly made the false statement.  However, 
Prime Leasing
 addressed the common-law action of fraud, not the Secretary's authority to suspend a person's driving privileges.  See 
Prime Leasing
, 332 Ill. App. 3d at 308-09, 773 N.E.2d at 92.

Other provisions in the Vehicle Code do not require knowledge of a suspension of driving privileges.  For example, the offense of driving while license is suspended is a strict liability offense, which only requires proof of the act of driving while privileges are suspended.  Thus, evidence of the defendant's actual receipt of notice or knowledge of suspension is immaterial.  
People v. Johnson
, 170 Ill. App. 3d 828, 832, 525 N.E.2d 546, 550 (1988).

We find section 6-206(a)(9) of the Vehicle Code (625 ILCS 5/6-206(a)(9) (West Supp. 1997)) only requires evidence that a person made a false statement in an application for a license, identification card, or permit.  Knowledge that the statement was false is immaterial.  Thus, even if plaintiff lacked knowledge of the 1989 suspension, the Secretary still had the authority to suspend her license under section 2-602(a)(9).  Accordingly, plaintiff failed to prove she was entitled to rescission. 

III. CONCLUSION

For the reasons stated, we reverse the circuit court's judgment and reinstate the Secretary's decision.

Circuit court reversed; Secretary's decision reinstated.

STEIGMANN and APPLETON, JJ., concur.