NO. 4-06-0673          Filed 4/9/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

DAROLD A. MILLER, JR.,                     )    Appeal from
            Plaintiff-Appellee,            )    Circuit Court of
            v.                             )    Sangamon County
JESSE WHITE, Secretary of State,           )    No. 05MR472
State of Illinois,                         )
            Defendant-Appellant.           )    Honorable
                                           )    Leslie J. Graves,
                                           )    Judge Presiding.

_____

            JUSTICE MYERSCOUGH delivered the opinion of the court:

            Plaintiff, Darold A. Miller, Jr., pleaded guilty to

driving while impaired in Indiana, an offense substantially

similar to driving under the influence (DUI) in Illinois.  The

authorities in Indiana reported plaintiff's conviction to defen-

dant, Jesse White, in his capacity as Illinois' Secretary of

State (Secretary) as required by the Driver's License Compact

(Compact).  The Secretary then revoked plaintiff's Illinois

driver's license and driving privileges.  Plaintiff asked the

Secretary to rescind the order of revocation, and after a hear-

ing, the Secretary refused.  Plaintiff sought administrative

review of the Secretary's decision.  The circuit court reversed

the Secretary's decision and ordered the Secretary to rescind the

order of revocation.  The Secretary appeals, and we reverse the

circuit court's judgment.

I. BACKGROUND

On January 9, 2005, plaintiff, a resident of Sheldon, Illinois, was arrested in Newton County, Indiana, for operating a motor vehicle while intoxicated. One month later, plaintiff pleaded guilty to the Class C misdemeanor and the parties agreed he would be sentenced to 60 days in jail, all of which was suspended except for the one day he already served; pay $1,100 in fines and costs; and have his driver's license suspended for one year for his refusal to take a chemical breath test, an additional 30 days' suspension thereafter, and then restricted for another 180 days wherein plaintiff would be allowed to drive in Indiana for employment purposes and in cases of medical emergency.

The Indiana court directed its clerk to transmit to the Secretary that plaintiff's plea "and accompanying sentence be treated as a [s]upervision [o]rder pursuant to 730 ILCS 5/5-6-1(c) in the State of Illinois." The Indiana court further ordered "that the Illinois Secretary of State is to rescind any summary suspension in regards to [plaintiff]." (Emphasis in original.)

On May 8, 2005, the Secretary revoked plaintiff's driving privileges pursuant to section 6-206(a)(6) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/6-206(a)(6) (West 2004)), because the offense of which plaintiff was convicted would have been grounds for suspension or revocation had it been

- 2 -

committed in Illinois.

Plaintiff sought rescission of the Secretary's order of revocation and a hearing was held on July 12, 2005. After hearing evidence, the hearing officer issued his findings of fact, conclusions of law, and a recommendation that plaintiff's petition be denied. The hearing officer concluded plaintiff failed to submit sufficient evidence to warrant rescission of the order of revocation as (1) he did not present evidence that (a) the Indiana court had jurisdiction over the Secretary or (b) the Indiana court had jurisdiction to "provide through Illinois law a sentence (supervision), which is not provided for in the laws of the State where the offense and conviction occurred"; (2) the Secretary was not a party to the proceeding involving the charge against plaintiff in Indiana; and (3) plaintiff was convicted of operating a vehicle while intoxicated, an offense, which if committed in Illinois, would be grounds for revocation of his driver's license and privileges. On July 26, 2005, the Secretary adopted the hearing officer's recommendation and denied the petition.

On August 31, 2005, plaintiff filed his complaint for administrative review in the circuit court. The parties submitted briefs in support of their positions. Plaintiff's brief framed the issue as "whether the Secretary erred, and violated [section 6-703 of the Vehicle Code] when it revoked the Plain-

tiff's driver's license."

On July 10, 2006, the circuit court entered an order reversing the Secretary's decision and directing the Secretary to rescind the order of revocation with regard to plaintiff's driver's license. The court found the Secretary's refusal "to rescind the [p]laintiff's revocation of his [d]river's [l]icense violates the provisions of [section 6-703] in that [the Secretary] has failed to give the same effect to conduct occurring out [of] [s]tate as it would if such conduct had occurred" in Illinois. Moreover, the court stated that plaintiff's "sentence is entitled to being treated as supervision under the provision of [section 5-6-1(c) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-6-1(c) (West 2004))] in that the Indiana [c]ourt specifically found that [p]laintiff should be granted court supervision." Finally, the court concluded the Secretary treated plaintiff "more harshly or more severely" because his offense occurred in Indiana "than the conduct or behavior would have been treated had the offense occurred in the state of Illinois."

This appeal followed.

## II. ANALYSIS

In the case at bar, the parties do not dispute that plaintiff was convicted of driving while impaired in Indiana and that offense is substantially similar to the offense of DUI in

- 4 -

Illinois. On administrative review, plaintiff argued, and the circuit court accepted the arguments, that the Secretary violated section 6-703 of the Vehicle Code and that the Indiana sentence is entitled to being treated as court supervision under section 5-6-1(c) of the Unified Code (730 ILCS 5/5-6-1(c) (West 2004)). Further, the court opined the Secretary treated plaintiff's conduct more harshly because it occurred in Indiana rather than in Illinois.

On appeal, the Secretary argues (1) the Compact only requires him to treat plaintiff's out-of-state conviction for DUI the same as he would treat that conviction had the conduct occurred in Illinois, (2) he is authorized to revoke a person's driving privileges if that person is convicted of driving under the influence of alcohol in another state, and (3) section 5-6-1(c) of the Unified Code merely provides that entry of an order of supervision is a matter of discretion.

A. Standard of Review

The Secretary's final administrative decisions are subject to judicial review pursuant to the Administrative Review Law (735 ILCS 5/3-101 through 113 (West 2004)), and a reviewing court may not overturn an administrative agency's decision unless the administrative agency exercised its authority in an arbitrary and capricious manner or its decision is against the manifest weight of the evidence (Bruce v. White, 344 Ill. App. 3d 795,

798-99, 801 N.E.2d 581, 584 (2003)).  The Secretary's findings and conclusions on questions of fact are <u>prima</u> <u>facie</u> true and correct and if anything in the record fairly supports the agency's decision, that decision is not against the manifest weight of the evidence.  <u>Bruce</u>, 344 Ill. App. 3d at 799, 801 N.E.2d at 584.  "An agency's conclusion on a question of law is reviewed <u>de</u> <u>novo</u>."  <u>Comprehensive Community Solutions, Inc. v.</u> <u>Rockford School District No. 205</u>, 216 Ill. 2d 455, 471, 837 N.E.2d 1, 10 (2005).  Additionally, we review the Secretary's decision and not the circuit court's decision.  <u>Mefford v. White</u>, 331 Ill. App. 3d 167, 173, 770 N.E.2d 1251, 1256 (2002).

B. Driver's License Compact

Illinois is a member of the Compact.  See 625 ILCS 5/6-700 through 6-708 (West 2004).  Indiana is also a member of the Compact.  See Ind. Code Ann. §9-28-1-3 (Lexis Nexus 2004).

The parties to the Compact recognized that (1) the safety of their streets is materially affected by the degree of compliance with local ordinances and state laws that relate to operating motor vehicles, (2) the violation of such ordinances or laws is evidence that the violator engages in conduct that is likely to threaten the safety of persons and property, and (3) the continuation of a license to drive is predicated upon a driver's compliance with the ordinances and laws relating to the operation of motor vehicles in whichever jurisdiction the vehicle

- 6 -

is operated.  625 ILCS 5/6-701 (West 2004).  In furtherance of these policies, the Compact states the following:

> "The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee.  Such report shall clearly identify the person convicted; describe the violation specifying the section of the statute, code[,] or ordinance violated; identify the court in which action was taken; indicate whether a plea of guilty or not guilty was entered, or the conviction was a result of the forfeiture of bail, bond or other security; and shall include any special findings made in connection therewith."  625 ILCS 5/6-702 (West 2004).

The Compact further provides that in cases of convictions for driving under the influence of alcohol, among other offenses, the licensing authority for the home state for purposes of suspending, revoking, or limiting the license to operate a motor vehicle "shall give the same effect to the conduct reported, pursuant to [s]ection 6-702 [(625 ILCS 5/6-702 (West 2004))], as it would if such conduct had occurred in the home state."  625 ILCS 5/6-703

(West 2004).  In this case, Illinois is the home state.  See 625 ILCS 5/6-700 (West 2002) ("'Home state' means the state which has issued and has the power to suspend or revoke the use of the license or permit to operate a motor vehicle").  The plain language of section 6-703 requires only that, for purposes of suspending, revoking, or limiting plaintiff's driver's license or driving privileges, the Secretary treat plaintiff's conduct the same as if plaintiff's conduct had occurred in Illinois.  Thus, we must determine whether the Secretary would have possessed the authority to revoke plaintiff's driver's license had the conduct occurred in Illinois.

### C. Did the Secretary Possess the Authority To Revoke Plaintiff's Driver's License?

Under section 6-206(a)(6) of the Vehicle Code, the Secretary has the discretionary authority to suspend or revoke the driving privileges of any person, without preliminary hearing, upon a showing that person has been <u>convicted</u> of any offense, which if committed in Illinois, would be grounds for suspension or revocation.  625 ILCS 5/6-206(a)(6) (West 2004).  Section 6-205(a)(2) of the Vehicle Code states the Secretary of State shall immediately revoke the driver's license or driving privileges of any driver upon receiving a report of the driver's <u>conviction</u> for violating section 11-501 of the Vehicle Code (625 ILCS 5/11-501 (West 2004)) or a similar provision of a local ordinance relating to the offense of operating or being in

physical control of a vehicle while under the influence of alcohol. Section 11-501(a)(2) of the Vehicle Code prohibits driving under the influence of alcohol. 625 ILCS 5/11-501(a)(2) (West 2004).

As stated, neither party disputes that the offense plaintiff pleaded guilty to in Indiana, i.e., driving while impaired, is "substantially similar" to the offense of DUI in Illinois. Because the Secretary has the authority to revoke a driver's license upon conviction of DUI in Illinois, the Secretary possessed the authority to revoke plaintiff's driver's license upon learning of his Indiana conviction for a substantially similar offense.

D. Plaintiff's Argument That the Secretary Erred in Refusing To Treat His Indiana Sentence as Court Supervision

Plaintiff argues the Secretary erred by refusing to treat the Indiana sentence as court supervision. Plaintiff's argument is twofold. First, plaintiff contends the Secretary erred by ignoring the Indiana court's "special finding" that the Secretary should treat plaintiff's sentence as one of court supervision under section 5-6-1 of the Unified Code. Second, plaintiff maintains case law supports his position. The Secretary contends the argument that he was required to treat plaintiff's sentence in Indiana as one of court supervision is without basis. We agree with the Secretary.

Section 5-6-1(c) of the Unified Code provides that

- 9 -

subject to certain conditions and exceptions, a court may, upon a finding of guilt, defer further proceedings and the imposition of a sentence and order supervision. 730 ILCS 5/5-6-1(c) (West 2004). The court may enter an order of supervision if, after considering the circumstances of the offense, and the history, character, and condition of the offender, the court opines that (1) the offender is unlikely to commit further crimes, (2) the defendant and public would be best served if defendant did not receive a criminal record, and (3) in the best interests of justice a supervision order is more appropriate than a sentence otherwise permitted under the Unified Code. 730 ILCS 5/5-6-1(c)(1), (c)(2), (c)(3) (West 2004).

Plaintiff contends the Secretary chose to ignore the Indiana court's "special finding" that the Secretary shall treat that court's sentence as a supervision order under section 5-6-1(c) of the Unified Code. However, plaintiff has not cited, nor has our research revealed, authority for the proposition that a court sitting in another state has the authority to order the Secretary how to treat citizens of this state who have been convicted of DUI or a "substantially similar" offense in other states. Finally, the parties do not cite nor has our research led us to any provision in Indiana's statutes that indicates an Indiana court can grant court supervision to a person convicted of driving while impaired. It defies logic to give a court

sitting in another jurisdiction the authority to require the Secretary to treat a sentence as court supervision when the sentencing court could not impose such a sentence in the state in which it sits.

Plaintiff also contends two Illinois cases support his proposition that the Secretary should have treated his Indiana sentence as one of supervision. We disagree with plaintiff's interpretation of these cases and conclude they in fact support the Secretary's position.

In Schultz v. Edgar, 170 Ill. App. 3d 36, 37, 523 N.E.2d 1289, 1290 (1988), the plaintiff was arrested in Wisconsin for DUI. Plaintiff pleaded guilty to the offense and his driver's license was suspended for three months in Wisconsin. Schultz, 170 Ill. App. 3d at 37, 523 N.E.2d at 1290. Pursuant to section 6-702 of the Vehicle Code, Wisconsin notified the Secretary of plaintiff's conviction and the Secretary subsequently revoked plaintiff's driver's license and driving privileges in Illinois. Schultz, 170 Ill. App. 3d at 37, 523 N.E.2d at 1290. Plaintiff filed a petition seeking rescission of the order of revocation and reinstatement of full driving privileges or for the issuance of a restricted driving permit (RDP). Schultz, 170 Ill. App. 3d at 38, 523 N.E.2d at 1290. The Secretary denied plaintiff's petition. Schultz, 170 Ill. App. 3d at 38, 523 N.E.2d at 1290. The circuit court reversed the Secretary's

- 11 -

decision because the Secretary "'did not have the authority to add punishment on punishment' when he revoked plaintiff's license based on a Wisconsin DUI conviction when a Wisconsin court only suspended plaintiff's driving privileges for three months." Schultz, 170 Ill. App. 3d at 38, 523 N.E.2d at 1290-91.

The First District reversed the circuit court's decision. The court noted the Secretary has discretionary authority to revoke the Illinois driver's license of a person convicted of DUI in another jurisdiction pursuant to sections 6-205(a)(2), 6-206(a)(6), and 6-703(a)(2) of the Vehicle Code. Schultz, 170 Ill. App. 3d at 38-39, 523 N.E.2d at 1291. The court stated "[t]he Illinois legislature has entrusted [the Secretary] with exclusive authority to regulate the issuance or denial of Illinois driver's licenses, and it would be contrary to public policy in Illinois to require [the Secretary] to apply a more lenient Wisconsin statute to plaintiff's offense." Schultz, 170 Ill. App. 3d at 39, 523 N.E.2d at 1291.

The court also rejected plaintiff's argument that revocation of his driver's license was improper because he was a first-time DUI offender and may have received court supervision rather than a conviction had he been prosecuted in Illinois. Schultz, 170 Ill. App. 3d at 39, 523 N.E.2d at 1291. The court stated "this argument provides no basis to overturn the revocation of plaintiff's driver's license where he committed a DUI

- 12 -

offense while on a Wisconsin highway and was therefore subject to the laws of that jurisdiction." Schultz, 170 Ill. App. 3d at 39, 523 N.E.2d at 1291. Further, the court noted that every first-time DUI offender in Illinois does not necessarily receive court supervision as that is a determination solely within the discretion of the trial court. Schultz, 170 Ill. App. 3d at 39, 523 N.E.2d at 1291.

In Mills v. Edgar, 178 Ill. App. 3d 1054, 1055, 534 N.E.2d 187, 188 (1989), the plaintiff pleaded guilty to driving while impaired in Colorado. After learning of this conviction, the Secretary entered an order revoking plaintiff's Illinois driver's license pursuant to section 6-205(d) of the Vehicle Code. Mills, 178 Ill. App. 3d at 1055, 534 N.E.2d at 188. Plaintiff petitioned the Secretary to rescind that order, but the Secretary denied the request. Mills, 178 Ill. App. 3d at 1055, 534 N.E.2d at 188. The circuit court reversed the Secretary's decision after finding it was contrary to law and ordered the Secretary to rescind the revocation of the plaintiff's driver's license. Mills, 178 Ill. App. 3d at 1055, 534 N.E.2d at 188.

The Fourth District found the offense of driving while impaired in Colorado is "'substantially similar'" within the meaning of section 6-703(c) of the Vehicle Code to the offense of DUI in Illinois. Mills, 178 Ill. App. 3d at 1058, 534 N.E.2d at 190. Plaintiff maintained that he likely would have been placed

- 13 -

on supervision, no conviction would have been obtained, and he would not have lost his driving privileges had he been charged with DUI in Illinois and his impairment was no worse than that which would have merely constituted driving while impaired under Colorado law.  Mills, 178 Ill. App. 3d at 1058, 534 N.E.2d at 190.  The court found that supposition to be too speculative. Mills, 178 Ill. App. 3d at 1058, 534 N.E.2d at 190.  Further, the court stated section 6-703 of the Vehicle Code "indicates the 'conduct' giving rise to the offenses in the various States is the element to compare and not the penalties."  Mills, 178 Ill. App. 3d at 1058, 534 N.E.2d at 190.

As stated, plaintiff argues the Secretary should have treated the Indiana court's sentence as an order of supervision. Plaintiff also contends that since this is his first DUI offense, it is likely he would have been given court supervision if the conduct giving rise to the offense had occurred in Illinois rather than Indiana.

First, as in Mills, it is too speculative to say an Illinois court would likely have given plaintiff court supervision had the conduct occurred in Illinois rather than Indiana. Mills, 178 Ill. App. 3d at 1058, 534 N.E.2d at 190.  Further, as the Schultz court noted, every first-time DUI offender in Illinois does not necessarily receive court supervision.  That is a determination that lies solely within the discretion of the trial

court. Schultz, 170 Ill. App. 3d at 39, 523 N.E.2d at 1291. In this case, the trial court was an Indiana court, and as stated, that court does not have the authority to require the Secretary to treat plaintiff's sentence as one of court supervision. Our legislature has entrusted the authority to regulate the issuance and/or denial of Illinois driver's licenses solely to the Secretary. An Indiana court does not possess the authority to order the Secretary how to utilize the authority our legislature has vested in him.

Clearly, the Indiana trial court intended plaintiff not be suspended or revoked in Illinois. However, curiously, that court actually suspended plaintiff's driver's license in Indiana for 13 months followed by an RDP for 180 days. We question why the court would suspend plaintiff's driving privileges in Indiana and yet order Illinois Secretary of State to allow plaintiff to drive in Illinois. We also question how the court could issue an Indiana restricted permit to an Illinois driver.

Finally, we concede the penalty for DUI in Indiana may differ from that in Illinois. Indiana apparently does not recognize supervision as a disposition for DUI while Illinois does. However, the Compact adopted by our legislature does not accommodate this distinction between states, and, therefore, the legislature may need to reconsider this conflict between states' sentencing statutes.

## III. CONCLUSION

For the reasons stated, we conclude the Secretary's decision to revoke plaintiff's driver's license was not arbitrary, capricious, or against the manifest weight of the evidence, and we reverse the circuit court's judgment and reinstate the Secretary's decision.

Reversed; Secretary's decision reinstated.

STEIGMANN, P.J., and COOK, J., concur.