By the Court.
 

 The controlling facts in the case are not in dispute.
 

 The plaintiff formerly was employed as an order clerk and as a checker by the defendant, the Albers Super Markets, Inc. That employment was terminated by the refusal of the plaintiff to continue to perform the work assigned to him. Several days later he was referred to two companies, each of which was willing to employ him as a shipping clerk. However, each company refused to accept him for the reason that he refused to work on Saturday which is the day the plaintiff says he observes as his Sabbath.
 

 Hence, the question presented is whether the plaintiff was available during the entire week for work in his usual trade or occupation as required by .Section 1345-6 a (4), General Code, which reads in. part as follows:
 

 “a. No individual shall be entitled to any benefits unless he or she * # *
 

 ‘
 
 ‘
 
 (4) is able to work and available for work in his
 
 *524
 
 usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted; * * V’
 

 It is not disputed that the type of work offered to the plaintiff was “work in his usual trade or occupation.” The substance of his contention is (1) that under the above-quoted provision of the statute he may not be required to be available for work on Saturday, and (2) that if this provision is so construed it is violative of Section 7 of Article I of the Constitution of Ohio and Section 1 of the Fourteenth Amendment to the Constitution of the United States.
 

 The statute does not designate particular days of the week. It provides that in order to be entitled to benefits a claimant must be “able to work and available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted.” Hence, he must be available for work on Saturday if this is required by his usual trade or occupation, as in this instance.
 

 Is this provision of the statute a violation of the constitutional right to religious freedom or the right to equal protection of the laws? The plaintiff, like everyone else, is free to choose both his religion and his trade or occupation. If in making these voluntary choices he renders himself unavailable for work in his chosen trade or occupation or in any other for which he is reasonably fitted, he, like everyone else who fails to comply with the statutory requirement, is not entitled to unemployment benefits. Hence, the statute is not unconstitutional.
 

 The plaintiff complains about Regulation 412 promulgated by the administrator and approved by the Board of Review. This reads as follows:
 

 “An individual may not receive credit for waiting-period week or benefits for any week in which he was not physically or mentally able to work, or in which
 
 *525
 
 he was not available for work. This means that he must be available each day of such week.”
 

 The last sentence is substantive and is in conflict with the statute which requires simply that a claimant must be “available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted. ’ ’ Thus, it may or may not be necessary for a claimant to he available each day of the week, depending on his usual trade or occupation or any other for which he is reasonably fitted. Under the provisions of Section 1345-13 (a) (1), General Code, the administrator is authorized to adopt reasonable procedural rules and regulations relative to the exercise of his powers and authority. However, he is not authorized to adopt rules or regulations relating to substantive rights, such as the last sentence of Regulation 412. Such an attempted authorization would be an unconstitutional delegation of legislative power by the General Assembly to an administrative agency. Hence, the questioned provision is of no effect and is not considered by this court in reaching its conclusion.
 

 The plaintiff cites the penal provisions of Sections 13044 and 13045, General Code, relating to the performance of certain labor on Saturday and Sunday. However, these have no application to the circumstances of the instant ease.
 

 Finally, it is important to note that the plaintiff has imposed a further difficulty upon himself. His employment with the Albers Super Markets, • Inc., was terminated not because of the particular days he was required to work but for the reason that he simply refused to continue to perform duties he previously had discharged for this company which allowed him the special privilege of working on Sunday instead of Saturday. As an employee of this company his first position was that of an order clerk. Subsequently he
 
 *526
 
 became a so-called checker. This caused certain difficulties, and the company then offered to restore the plaintiff to his original position as an order clerk. However, he refused and quit, thus making himself unavailable for work — a direct violation of the statute which was not designed for the purpose of protection against unemployment that is voluntary.
 

 The disallowance of the plaintiff’s claim for unemployment benefits was not erroneous, and the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Turner, Matthias and Hart, JJ., concur.