SWENSON v. EMPLOYMENT SECURITY COMMISSION.

1. UNEMPLOYMENT COMPENSATION—CONSTRUCTION OF STATUTES—
   BENEFITS.
   The employment security act was not intended, and should
   not be construed, as excluding thousands of persons subject
   to the act from its benefits (CL 1948, § 421.1 *et seq.*).

2. SUNDAY — PUBLIC POLICY — STATUTES — EMPLOYMENT SECURITY
   COMMISSION.
   The policy of the State in the matter of observance of the Sab-
   bath has been definitely established by the legislature by
   statute and such declaration precludes any necessity for a
   policy decision of the employment security commission upon
   such matter (CL 1948, § 435.7).

3. UNEMPLOYMENT COMPENSATION—SUNDAY—DISQUALIFICATION FOR
   BENEFITS.
   Persons do not remove themselves from the labor market by
   stopping work at sundown Friday and not resuming work
   until sundown Saturday in observance of the Sabbath; hence,
   are not disqualified from receiving benefits, where record
   shows that in the community such people are hired by em-
   ployers (CLS 1952, § 421.28).

4. COSTS—CONSTRUCTION OF STATUTES—SUNDAY—UNEMPLOYMENT—
   COMPENSATION.
   No costs are allowed in action against the employment security
   commission to recover benefits under the employment security
   act by persons who observe the Sabbath from sundown Fri-
   day until sundown Saturday, a matter of statutory construc-
   tion being involved (CL 1948, § 435.7; CLS 1952, § 421.28).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 48 Am Jur, Social Security, Unemployment Insurance, and
    Retirement Funds § 10.
[2] 50 Am Jur, Sundays and Holidays §§ 3, 4.
[3] 48 Am Jur, Social Security, Unemployment Insurance, and
    Retirement Funds § 34.
[3] "Availability for work," under unemployment compensation
    statute, of claimant who undertakes to restrict willingness to
    work to certain hours, types of work, or conditions, not usual
    and customary in the occupation, trade, or industry. 25 ALR
    2d 1077.
[4] 14 Am Jur, Costs § 91.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted June 18, 1954. (Docket No. 5, Calendar No. 45,679.) Decided September 8, 1954.

Certiorari by Bessie Swenson, Aileen I. Langs and Neva I. Van Syckle against Michigan Employment Security Commission, the Appeal Board thereof, and Battle Creek Food Company, a Michigan corporation, following refusal of commission to grant unemployment compensation due to applicants' expressed unwillingness, as Seventh Day Adventists, to work on their Sabbath. Judgment for plaintiffs. Defendant commission appeals. Affirmed.

*Jennings, Fraser, Parsons & Trebilcock* (*Archie C. Fraser* and *Joe C. Foster, Jr.*, of counsel) and *North, Allen & Scatterday,* for plaintiffs.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd* and *George M. Bourgon,* Assistant Attorney General, for defendant commission.

*Amici Curiae:*

*Erwin B. Ellmann,* for Jewish Community Council of Detroit.

*B. Morris Pelavin,* for Flint Jewish Community Council.

*William Cohen* and *Leo Pfeffer,* for American Jewish Congress.

*Charles L. Goldstein,* for American Jewish Committee, Detroit Chapter.

*David E. Utley,* for Jewish Welfare Federation and Council of Pontiac.

*Gerald A. Lipnik,* for Beth Israel Community Center of Ann Arbor.

*T. George Sternberg,* for Northern Michigan Jewish Welfare Federation.

BUSHNELL, J. Plaintiffs, Bessie Swenson, Aileen
I. Langs and Neva I. Van Syckle, were employed as
packers by the Battle Creek Food Company prior
to their layoff, due to lack of work. In their appli-
cations for unemployment benefits they stated that
they could not work from sundown Friday to sun-
down Saturday, because they were Seventh Day
Adventists. As a result of this statement to defend-
ant Michigan Employment Security Commission
each received a notice of the commission's holding
that they were ineligible for unemployment benefits
in that they had failed to establish their availability
for work. Notwithstanding the fact that each had
been in the employ of 2 or more Battle Creek con-
cerns without having to work on their Sabbath, they
never received any referrals to jobs by the commis-
sion.

It should be noted that in the city of Battle Creek
there are many Seventh Day Adventists. The rec-
ord shows that the 3 employees had worked for a
total of 10 Battle Creek employers; that Aileen
Langs had worked in that city for a period of 18
years, and that thousands of Seventh Day Adven-
tists similarly situated are able to find full-time em-
ployment in that community, with apparently no
more difficulty than those who are willing to work
on Saturdays.

At the consolidated hearing before the referee the
claimants who were not represented by counsel were
informed that "the issue, at least the primary issue,
is whether or not these claimants may be considered
available for full-time work as required by section
28(c) of the act under the facts, with particular ref-
erence to the restriction as to Saturday work." (PA
1936, No 1 [Ex Sess], as amended [CL 1948 and
CLS 1952, § 421.1 et seq. (Stat Ann and Stat Ann
1953 Cum Supp § 17.501 et seq.)]). Considerable
testimony was taken and certain exhibits were re-

ceived.  During the hearing one Merle Mills, desig-
nated as an elder in claimants' church and their spir-
itual advisor, made the statement that the Seventh
Day Adventists were organized as a religious denom-
ination in 1863 in Battle Creek, and that this Church
has practically a million members throughout the
world who take the interpretation of the Fourth
Commandment quite literally; and it was further
claimed by the elder that in the armed forces and in
civil defense their members are not "pressed" to
work on Saturdays in order that they might be free
to worship on their Sabbath as they desire.  To this
statement, Pence Wilson, a claims examiner of de-
fendant commission, replied that the Michigan un-
employment compensation act "requires that a per-
son be fully available for work to be eligible for
unemployment compensation."  In his reply he re-
ferred, without citation, to the so-called *Koski Case*
(*Ford Motor Company* v. *Unemployment Compensa-
tion Commission,* 316 Mich 468), which the commis-
sion deemed applicable and controlling.  The parties
agreed on the record "that as far as the calendar,
Saturday is accepted by the fundamental precepts of
your religion to be the Sabbath day."

The referee rendered "Findings of facts and rea-
sons" in each case, to the effect that the redetermi-
nation of the commission of March 29, 1951, is re-
versed and set aside, and he held that each claimant
had established her availability from the date of
filing through the date of hearing (April 9, 1951)
and that accordingly a benefit year was established,
beginning March 16th in one case and March 19th
in the other 2, with the holding that claimants would
be entitled to benefits for such period "if otherwise
eligible."

Appeals were taken from the referee's decisions to
the appeal board, and in each instance a written deci-
sion was filed by the appeal board reversing the find-

ings of the referee. The appeal board asserted as controlling the decision in the *Koski Case* and *Kut* v. *Albers Super Markets, Inc.*, 146 Ohio St 522 (66 NE 2d 643) which was also cited in the *Koski Case*.

On application to the circuit court for the county of Calhoun, writs of certiorari issued and the matters were there determined on the record before the refereee. The trial judge in a 17-page opinion analyzed the situation and the available authorities, resulting in the conclusion that the decision of the appeal board, that claimants had failed to meet the requirements of the act "because they have limited their availability to work, to other days than their Sabbath, is contrary to law and the great weight of the evidence." The decisions were reversed and judgments were entered in favor of claimants.

The commission has appealed with the stipulation that the matters may be consolidated here. In the reasons and grounds for appeal the commission asserted that the court erred in applying a religious test to determine unemployment benefit rights, erred in discriminating in favor of those holding conscientious scruples against Saturday work and in failing to maintain the principle of complete separation between the Church and State. These questions seem to have been abandoned in the commission's brief, except insofar as is covered by the question reading:

"Does the Michigan employment security act * * * allow or prescribe the absence or presence of a religious belief as a test for granting or denying unemployment benefits?"

We see no reason for a lengthy discussion of religious and constitutional rights, notwithstanding the helpful brief of *amici curiae*.

The problem to be solved is clearly and simply stated by the commission as follows:

"Did the appellees prove that they were available to perform, full-time, the pattern of work which existed in the city of Battle Creek at the time they sought benefits?"

"Did each appellee sustain the burden of proof required of her by the seeking work provision of section 28(a) of the Michigan employment security act (CLS 1952, § 421.28 [Stat Ann 1953 Cum Supp § 17.530]) by establishing that she did seek work during each week for which she sought unemployment?"

We must first determine the controlling nature of the *Koski Case, supra.* There, claimant Drusilla Koski, a housewife, was employed as a bench hand by the Ford Motor Company for more than a year prior to her layoff. She had limited her availability for work to the afternoon shift because she wished to be home mornings in order to awaken her 2 boys, get their breakfasts and start them to school. Her employer was engaged in "around-the-clock" operation, with 3 shifts, and decision was based on the fact that she was qualified to work on any one of the 3 shifts and that (p 473):

"There is nothing in the statute to justify the conclusion that the legislature intended a claimant might limit his employment to certain hours of the day where the work he is qualified to perform is not likewise limited."

We further said (p 473):

"When claimant stated she would not accept work except on the afternoon shift, she clearly made herself unavailable for work of the character that she was qualified to perform. She took such position, not for any reason connected with the character of the labor itself, but rather because of the situation in her home."

It is true that in our review of decisions of other courts of last resort, we cited the *Kut Case,* where

compensation was denied a claimant who, for personal reasons, was not available to work on Saturdays. But the *Koski Case* did not involve any religious question of any sort. It should be noted, as indicated in appellee's brief, that appeal to the United States supreme court in the *Kut Case* was dismissed and rehearing denied. 329 US 669 (67 S Ct 86, 91 L ed 590) and 329 US 827 (67 S Ct 186, 91 L ed 702).

Examination of the Ohio decision indicates that the basis for refusing compensation was that Kut was employed as an order clerk in a grocery store and worked Sundays but not on Saturdays which he, as a Jew, observed as the Sabbath. He was changed to a job as checker but refused to perform the work assigned to him. The employer offered to restore him to his original job but Kut refused and quit. Subsequently he refused 2 jobs involving work on Saturdays. The Ohio supreme court unanimously denied compensation because Kut refused his original job and quit work.

Notwithstanding this basis for decision, 5 of the Ohio justices further expressed themselves on the constitutional question and held the act valid even if construed as to prohibit claimant from a conscientious observance of his Sabbath. It is suggested in appellees' brief that the *Kut Case* is no longer controlling authority even in Ohio because of a subsequent change in the statute. See Ohio General Code, 1952 Cum Supp § 1345-6.

Following the *Kut Case* the Ohio Supreme Court on March 31, 1954, decided *Tary* v. *Board of Review,* 161 Ohio St 251 (119 NE2d 56), a case involving a claim for unemployment benefits by a Seventh Day Adventist who refused a job referral involving Saturday work. That court held in a 4-to-3 decision that, under the statute as amended, the claimant was not disqualified for benefits since her morals would be affected seriously by having to violate sincere

religious beliefs by working on her Sabbath; hence the work she refused was not "suitable" and she was still "available."

We are presented here with a situation where claimants have never been offered employment, and hence have never refused any. They have merely notified the commission that they cannot work from sundown Friday to sundown Saturday. We apprehend that there may be other thousands of persons similarly situated in Battle Creek who would not work on the first day of the week, but in neither instance could it be said that those or these employees refused to perform services over a 40-hour week or refused to work overtime or more than 5 days a week. Regardless of its fine-spun reasoning, we suggest that the commission could have been more realistic in its handling of the matter. The law is designed to apply to all situations within its contemplation, and the commission's attitude, if upheld, would completely exclude thousands of citizens of this State from the benefits of the act. That could never have been the intent of the legislature; nor should we so construe the act as to accomplish that result. Furthermore, we suggest that the policy of this State in this matter has been definitely established by the legislature in the language of the statute. (CL 1948, § 435.7 [Stat Ann § 18.855].) This declaration of policy by the legislature precludes any necessity for a policy decision by the commission.

The *Koski Case* is distinguishable on the facts and we are in agreement with the reasoning of the trial judge that:

"To exclude such persons would be arbitrary discrimination when there is no sound foundation, in fact, for the distinction, and the purposes of and theory of the act are not thereby served. Seventh Day Adventists, as a matter of fact, do not remove themselves from the labor market by stopping work

on sundown Friday and not resuming work until sundown Saturday, as is apparent from the reason that employers do hire them."

The judgment is affirmed, but without costs, a matter of statutory construction being involved.

Butzel, C. J., and Carr, Sharpe, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.