(No. 40253.—

The Department of Mental Health, Appellant, *vs.*
Audrey Warmbir, Appellee.

*Opinion filed March 29, 1967.—Rehearing denied May 16, 1967.*

Wayne Clemens, State's Attorney, of Watseka, (Paul T. Manion, of counsel,) for appellant.

Glenn & Logue, of Mattoon, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Pursuant to statute the Department of Mental Health brought action against Audrey Warmbir to recover $1024 for care and treatment of her husband, hospitalized in a State mental institution. The court held the statute unconstitutional and dismissed the action. The Department appeals.

Section 12—21 of the Mental Health Code provides that the patient is liable for a portion of the cost of treatment and that if he or his estate is unable to pay, his responsible relatives are liable. (Ill. Rev. Stat. 1965, chap. 91½, par. 12—21.) On October 21, 1957, defendant's husband was hospitalized in the Kankakee State Hospital, where he has remained ever since. The defendant does not dispute the amount due as computed by the Department or that she is the responsible relative, but she says that the requirement is not valid as to her.

It appears by stipulation that defendant had grounds for divorce at and prior to the time of her husband's commitment but because of religious beliefs she failed to exercise her right to obtain one. It is her contention that since persons who are divorced are not required to pay toward the care of their former spouses, the obligation amounts to a preference given to persons whose religion permits divorce, and to persons without any religion, over persons whose religious faith prohibits them from obtaining divorces, contrary to section 3 of article II of the constitution. It is argued further that the statute creates an unreasonable

classification by allowing women who divorce their husbands to escape the obligation, while those with grounds for divorce but who choose to remain married must pay.

The contentions are so clearly without merit that lengthy discussion is hardly necessary. The marriage relation entails many obligations, statutory as well as natural ones, and it would be a novel doctrine indeed that would relieve a spouse from such duties simply because unasserted grounds exist for divorce. Nor are the obligations affected by the fact that but for religious beliefs the marriage would be dissolved.

There is nothing in the present requirement that could in any way be considered an interference with defendant's right to hold whatever religious beliefs she chooses. Like anyone else she is free to choose her religion, and to enter into marriage when the opportunity arises. If in making these voluntary choices she feels herself bound to preserve the marriage regardless of circumstances, she like everyone else who is married must comply with requirements based upon that relationship. Any other rule would result in a preference given to her particular religion. It would discriminate in favor of the defendant and against other married persons who do not happen to hold the same religious belief.

The statute in question obligates a person to pay something toward the cost of caring for his or her spouse in a State mental hospital. This obligation devolves on every married person simply by virtue of the relationship. The provisions contain nothing which even remotely purports to impair religious freedom, or to create an unlawful discrimination.

A statute which had as its object the promotion or discouragement of a particular religion would be beyond the scope of governmental power but one which, as in the case at bar, is concerned with a legitimate governmental purpose is not vitiated merely because as an incidental effect it may place at some disadvantage persons of a particular religious

faith. (*Cf. Pacesetter Homes, Inc.*, v. *Village of South Holland*, 18 Ill.2d 247; *Kut* v. *Albers Super Markets*, 146 Ohio St. 522, 66 N.E.2d 643.) The difficulty encountered, or the benefit which one must forego, is attributable not to the statute but to the religion or to the individual's own choice.

The statute in question here is not unconstitutional and the circuit court committed error in dismissing the action. The judgment is reversed and the cause is remanded with directions to enter judgment for the Department.

*Reversed and remanded, with directions.*