FREDERICK W. SCHMIDT, Plaintiff-Appellant, *v.* PAUL POWELL, Secretary of State, Defendant-Appellee.

(No. 11515;

Fourth District—March 8, 1972.

Thomas R. Wilson, of Joliet, for appellant.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe, Samuel E. Hirsch, and A. Zola Groves, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff-Appellant Frederick W. Schmidt appeals from the order of the Circuit Court which affirmed the administrative decision of the Secretary of State of the State of Illinois. dated June 30, 1970, which denied issuance of a drivers license to appellant because his application did not contain a Social Security number as required by Chapter 95½, Section 6—106(b), Ill. Rev. Stat., 1969. The plaintiff did insert in the application the number assigned by the Federal Government for Federal income tax identification.

Plaintiff asserts that the statutory requirements are directory not mandatory. The legislature provided in par. 6—106, *supra*, that every application for a drivers license "shall" be made on a form furnished by the Secretary of State and that the application shall state "* * * the name, social security number, zip code, date of birth, sex and residence address of the applicant; briefly describe the applicant; * * *."

Par. 6—110 of the same Act provides that "The Secretary of State shall issue to every applicant qualifying therefore a drivers license * * *which license shall bear * * * the name, social security number, zip code, date of birth, address, and a brief description of the licensee * * *."

In construing statutes courts have generally held the word "shall" to be mandatory, and particularly when the word is addressed to a public official. Thus in *People ex rel. Benjamin S. Adamowski v. Metropolitan Sanitary District of Greater Chicago*, 14 Ill.2d 261, 278, 151 N.E.2d, 319, it was held where the statute provided that monies are available in the working cash fund "they *shall* be transferred", the word was mandatory. Whether the word "shall" is mandatory or discretionary depends on the legislative intent. (*Cooper v. Hinricks* 10 Ill. 2d 269, 272, 140 N.E.2d 293.) A reading of the various sections of the Drivers License Act, ch. 95½, pars. 6—101 through 6—118, Ill. Rev. Stat. 1969, compels the conclusion that the word "shall" in pars. 6—106, 6—110, was intended by the legislature to be mandatory. The Act provides that the Secretary of State "shall" not issue licenses to certain classifications of individuals, that he "shall" cancel licenses issued to

certain minors under the conditions prescribed in the Act, that he "shall" examine every applicant for license who has not been previously licensed, that the examination of the applicant "shall" include a test for eyesight, etc.; that he "shall" file every application and "shall" maintain suitable indexes thereof.

■■ The legislative intent being clearly manifested, we hold that the word "shall" contained in pars. 6—106, 6—110 is mandatory.

■■ Plaintiff also urges that furnishing the number assigned to him for Federal Income Tax purposes "* * * should be adequate added identification for the defendant". Perhaps it should, but that is not what the statute then provided and the defendant, as well as plaintiff, was bound by the statute.

■■ Plaintiff contends that the statute is an unreasonable and arbitrary exercise of the police power of the State contrary to the provisions of the 14th Amendment to the Federal Constitution and the provisions of Article II, Section 2 of the Constitution of Illinois, 1870. He argues that the requirement of furnishing his Social Security number is "* * * merely for the administrative convenience of the Secretary of State * * *". This is a patent absurdity in view of the obvious purpose of the requirement which was to aid in establishing identity. The requirement was also a legislative response to the provisions of the National Highway Safety Act of 1966 (Title, U.S.C.A. Ch. 23, Sec. 402) which is applicable to every State and the Drivers Licensing Standard (4.45) promulgated under the Act, and which directs each State to establish a driver licensing program and to maintain a record of each licensed driver which includes "* * * positive identification * * *".

■■ In *People v. Warren*, 11 Ill.2d, 420, 143 N.E.2d, 28, the Court said:

"Every presumption is in favor of the validity of a statute enacted under the police power. (*Gadlin v. Auditor of Public Accounts*, 414 Ill. 89, 95 *Zelney v. Murphy*, 387 Ill. 492, 499; *Thillens, Inc. v. Hodge*, 2 Ill.2d, 45, 57.) The only limitations upon the legislature in the exercise of its police power is that the statute must reasonably tend to correct some evil or promote some interest of the State and not violate some positive mandate of the constitution. (*Clarke v. Storchak*, 384 Ill. 564, 579; *People ex rel. Christiansen v. Connell*, 2 Ill.2d 332, 344.) The General Assembly has a wide discretion in the enactment of laws for the protection of the public health, safety and morals or the promotion of the general welfare and such statutes are valid when they apply accordingly and uniformly to all persons similarly situated. (*City of Chicago v. Rhine*, 363 Ill. 619, 624; *Weksler v. Collins*, 317 Ill. 132, 138.) In the exercise of its inherent police power the legisla-

ture may enact laws regulating, restraining or prohibiting anything harmful to the welfare of the people, even though such regulation, restraint or prohibition interferes with the liberty or property of an individual. *Bode v. Barrett,* 412 Ill. 204, 225; *City of Evanston v. Wazau,* 364 Ill. 198, 202; *Fenske Bros., Inc. v. Upholsterers Union,* 358 Ill. 239, 251; *People v. Anderson,* 355 Ill. 289, 296."

■■ Tested by the foregoing standards we find no constitutional prohibition to the provisions of the statute in question which was intended, among other things, to promote the safety of those using the highways of this State.

We note that par. 6—106, ch. 95½, Ill. Rev. Stat. 1969, was amended, effective January 1, 1972, and now provides that:

"The Secretary of State may in his discretion substitute a federal tax number in lieu of a social security number, or he may instead assign an additional distinctive number in lieu thereof, where an applicant is prohibited by *bona fide* religious convictions from applying or is exempt from applying for a social security number. The Secretary of State shall, however, determine which religious orders or sects have such *bona fide* religious convictions."

Par. 6—110 of the same Chapter was amended, also effective January 1, 1972, to provide:

"In lieu of the social security number, the Secretary may in his discretion substitute a federal tax number or other distinctive number."

Judgment affirmed.

CRAVEN, P. J., and SMITH, J. concur.