NO. 4-01-0421 

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

KODY SKY MEFFORD,

Plaintiff-Appellant,

v.

JESSE WHITE, Secretary of State for the State of Illinois,

Defendant-Appellee.

)

)

)   

)

)

)

)

)

Appeal from

Circuit Court of 

Sangamon County

No. 00MR720

Honorable

Donald M. Cadigan,

Judge Presiding.

JUSTICE MYERSCOUGH delivered the opinion of the court:

Plaintiff appeals the order of the circuit court of Sangamon County affirming the decision of defendant, Jesse White, Secretary of State for the State of Illinois (Secretary), to deny the driver's license application of plaintiff, Kody Sky Mefford, when plaintiff refused to provide his social security number on his application, citing his religious beliefs.  Plaintiff challenged the statute and rule requiring the Secretary to request a social security number as unconstitutional for interposing a burden on his free exercise of religion.  We affirm.

I. BACKGROUND

Early in 2000, plaintiff, born May 16, 1983, applied to the Secretary for an Illinois driver's license, supplying all personal information required by section 6-106(b) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/6-106(b) (West 1998)) except his social security number.  Based on section 6-106(b) and an administrative rule promulgated by the Secretary (92 Ill. Adm. Code §1030.63 (Conway Greene CD-ROM March 2002)) plaintiff requested relief from the submission of his social security number based on his religious beliefs.  On February 3, 2000, the director (Director) of the Driver Services Department (Department) denied plaintiff's application, determining that neither section 6-106(b) of the Vehicle Code nor the rule allows plaintiff to obtain a license without providing a social security number.  The Director observed that plaintiff had not shown he was a member of a religious faith that did not permit its members to obtain social security numbers, as required by the statute and rule.

Following the denial, plaintiff sought an administrative hearing.  At the April 18, 2000, hearing, the hearing officer heard testimony from plaintiff, then a full-time high school student, and from his father, Dan Mefford.  Plaintiff testified that he had a social security number, but that his Christian religious beliefs forbade him from revealing it to the Secretary.  The number had been obtained for him by his father several years earlier before either plaintiff or his father arrived at the specific religious beliefs that forbid the use of the social security number.

According to plaintiff, the social security number can be used as a "universal identifier" and thus become the "mark of the beast," about which the Bible's Book of Revelation warns.  Plaintiff further testified that he is a member of the Church of the Nazarene, which permits its members to "seek out [their] own philosophical and religious readings in the scripture," but does not prohibit the use of social security numbers by its members.  According to plaintiff, his views reflected his individual conclusion, shared with his father, that the social security number should generally not be used in areas outside of the administration of the social security system.

Based on the evidence presented, plaintiff argued that he had met the requirements of the religious exception set forth in the statute and the rule.  Alternatively, plaintiff argued that to deny him a driver's license based on the statute and rule would deny his right to free exercise of religion under the United States and Illinois Constitutions.

On July 11, 2000, the hearing officer issued a recommendation setting forth his findings and conclusions.  Among these conclusions, the hearing officer determined that plaintiff professed a "
bona
 
fide
 religion" and that his religious convictions were sincere.  The hearing officer further found that plaintiff's demeanor was "polite and sincere" and that his testimony was "credible," making a similar finding as to plaintiff's father.  However, the hearing officer found that plaintiff failed to satisfy the administrative rule requirements of Title 92, section 1030.63, which implements the exception to the provision of section 6-106(b) of the Vehicle Code based on religious belief.  The hearing officer found that the Church of the Nazarene permits its members to obtain social security numbers and that "most, if not all" of the members of plaintiff's church have provided social security numbers on driver's license applications.

Despite his findings that plaintiff had not met the requirements of the statute and rule, the hearing officer recommended that plaintiff's request be granted.  According to the hearing officer, the statute and rule violated the free exercise clause of the first amendment to the United States Constitution (U.S. Const., amend. I), in that the requirement that plaintiff provide a social security number did not meet the "compelling state interest" test.  The hearing officer recommended that the Secretary grant plaintiff's request for an exception to the social security number requirement for issuance of a license.

On September 15, 2000, the Secretary issued a final decision denying plaintiff's request for a driver's license.  The Secretary declined to adopt a number of the hearing officer's findings and conclusions and his recommendation to grant plaintiff's request for an exception to the social security number requirement for licensure.  Specifically, the Secretary adopted only the hearing officer's factual background and finding that plaintiff's testimony was credible.  Further, the Secretary adopted only those conclusions of the officer that plaintiff professed 
bona
 
fide
 religious beliefs and that those beliefs were sincere.

The Secretary made additional findings and conclusions, most critically, that plaintiff had not satisfied the requirements of the administrative rule implementing section 6-106(b) of the Vehicle Code.  According to the Secretary, plaintiff failed to satisfy the rule because plaintiff's "religious faith [did] not prohibit its members from obtaining a social security number."  Further, the Secretary concluded that "the religious belief of the petitioner is a tenet that is essential to the practice of his religion."

Next, the Secretary declined to resolve plaintiff's constitutional challenges to the statute and rule, finding that such challenges were "beyond the scope of authority of the administrative hearing."  According to the Secretary, the scope of the hearing was "to determine whether the law and rules were followed based on the facts of the case."  Finding that the administrative rule was a validly adopted regulation with the force of law, the Secretary found that plaintiff failed to meet the rule's requirements for a religious exemption from the requirement of providing a social security number and denied plaintiff's request.

Plaintiff then filed a complaint for administrative review of the Secretary's decision in the Sangamon County circuit court.  The complaint requested a "driver's license with full driving privileges without providing a social security number on the application.”  Before the circuit court, plaintiff no longer argued that he had satisfied the requirements of section 6-106(b) of the Vehicle Code and the administrative rule implementing that section; rather, he argued that the application of the statute and rule denied his right to free exercise of religion under the United States and Illinois Constitutions.  After the parties briefed the issue, the circuit court entered its judgment in a docket entry, finding that, "the decision of [the Secretary] is not arbitrary or capricious or against the manifest weight of the evidence and is accordingly affirmed."  This appeal followed.

II. ANALYSIS

The issue on appeal is a narrow one.  Plaintiff has only argued that the statute and rule giving the Secretary the discretion to allow or refuse an applicant for a driver's license to submit his social security number is unconstitutional.  Plaintiff has only argued that the application of the statute and rule violates his right to free exercise of religion under the United States and Illinois Constitutions.  No issue is raised regarding plaintiff's compliance with the requirements of the statute and rule.  Insofar as the statute and rule are neutral laws of general applicability that merely have the incidental effect of burdening religious exercise, we affirm the circuit court's judgment affirming the Secretary's denial of the plaintiff's request for a driver's license without providing a social security number.

A. Statute and Rule Providing Religious Exemption 

to Social Security Number Requirement

At issue between the parties is the constitutional effect of a single statute and the administrative rule implementing it.  Section 6-106(b) of the Vehicle Code requires all applicants for an Illinois driver's license to provide, 
inter
 
alia
, their social security number.  625 ILCS 5/6-106(b) (West 1998).  That section further provides that the Secretary may:

"in his discretion substitute a federal tax number in lieu of a social security number, or he may instead assign an additional distinctive number in lieu thereof, where an applicant is prohibited by bona fide religious convictions from applying or is exempt from applying for a social security number.  The [Secretary] shall, however, determine which religious orders or sects have such 
bona
 
fide
 religious convictions." 625 ILCS 5/6-106(b) (West 1998).

The Secretary may only disclose an applicant's or licensee's social security number without the applicant's or licensee's consent for law enforcement and other limited purposes.  625 ILCS 5/2-123(h) (West 1998).

Pursuant to section 6-106(b), the Secretary has promulgated regulations at Title 92, section 1030.63, of the Illinois Administrative Code, which provide that "[m]embers of religious groups whose faith will not permit them to obtain social security numbers may request the social security number be omitted on their driver's license application."  92 Ill. Adm. Code 1030.63(b) (Conway Greene CD-ROM March 2002).  The regulations further provide that the applicant must state the reasons why the use of the social security number conflicts with the applicant's religious beliefs, and provide an affidavit from the applicant's minister or religious leader "attesting that the use of a social security number is against the religious convictions of the applicant's faith."  92 Ill. Adm. Code §1030.63(g) (Conway Green CD-ROM 2002).

B. Standard of Review

This case is before us in the context of an appeal under the Administrative Review Law (735 ILCS 5/3-101 through 3-113 (West 2000)
).  In general, courts should not interfere with the discretionary authority of an administrative agency unless the agency has exercised its power in an arbitrary and capricious manner, or the agency's action was contrary to the manifest weight of the evidence.  
Hanrahan v. Williams
, 174 Ill. 2d 268, 272-73, 673 N.E.2d 251, 254 (1996).  However, plaintiff's appeal to the circuit court challenged the constitutionality of the statute and administrative rule applied by the Secretary.  Judicial review of agency decisions extends to all questions of law and fact presented by the record.  
735 ILCS 5/3-110 (West 2000); 
Du Page County Board of Review v. Property Tax Appeal Board
, 284 Ill. App. 3d 649, 652, 672 N.E.2d 1309, 1311 (1996).  Further, our review is of the administrative agency's decision, and not the decision of the circuit court.  
XL Disposal Corp. v. Zehnder
, 304 Ill. App. 3d 202, 207, 709 N.E.2d 293, 297 (1999).

As the facts of the case are undisputed and present only questions of law, we review plaintiff's constitutional challenges to section 6-106(b) of the Vehicle Code and the Secretary's administrative rule 
de
 
novo
.  See 
People v. Falbe
, 189 Ill. 2d 635, 638, 727 N.E.2d 200, 203 (2000); 
In re R.C.
, 195 Ill. 2d 291, 296, 745 N.E.2d 1233, 1237 (2001).  In so doing, our review of a statute's or rule's constitutionality includes a "strong presumption of constitutionality."  
Russell v. Department of Natural Resources
, 183 Ill. 2d 434, 441, 701 N.E.2d 1056, 1059 (1998).  Thus, we are bound to uphold the constitutionality of a statute or rule if reasonably possible.  
People ex rel. Lumpkin v. Cassidy
, 184 Ill. 2d 117, 123, 703 N.E.2d 1, 4 (1998).  Pursuant to these standards, a party challenging a statute or rule has the burden of "clearly establish[ing]" the unconstitutionality of the statute or rule.  
Burger v. Lutheran General Hospital
, 198 Ill. 2d 21, 31, 759 N.E.2d 533, 540 (2001).

C. Plaintiff's Constitutional Challenges

Plaintiff makes but a single challenge to the statute and rule requiring submission of a social security number on a driver's license application.  Plaintiff argues that both the statute and rule inhibit his free exercise of religion under the first amendment to the United States Constitution and article I, section 3, of the Illinois Constitution of 1970 (U.S. Const. Amend I; Ill
. 
Const. 1970, art. I, §3)
.

1. 
The
 
Statute
 
and
 
Rule
 
Requiring
 
Driver's
 
License
 
Applicants

To
 
Submit
 
a
 
Social
 
Security
 
Number
 
is
 
Valid
 
Under
 
the
 

United
 
States
 
Constitution

The first amendment to the United States Constitution 

provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."  U.S. Const., amend. I.  The first amendment is applicable to the states through the due process clause of the fourteenth amendment.  U.S. Const., amend. XIV; 
People v. Jones
, 188 Ill. 2d 352, 356, 721 N.E.2d 546, 549 (1999); see also 
Cantwell v. Connecticut
, 310 U.S. 296, 303, 84 L. Ed. 1213, 1217-18, 60 S. Ct. 900, 903 (1940).

From 1963 until 1990, the United States Supreme Court determined whether a state law violated the free exercise clause of the first amendment under the "compelling state interest" test of 
Sherbert v. Verner
, 374 U.S. 398, 406-07, 
10 L. Ed. 2d 965, 971-72, 83 S. Ct. 1790, 1795-96 (1963)
.  See also 
Wisconsin v. Yoder
, 406 U.S. 205, 215-16, 32 L. Ed. 2d 15, 25
, 92 S. Ct. 1526, 1532 (1972); 
Thomas v. Review Board of the Indiana Employment Security Division
, 450 U.S. 707, 716-18, 67 L. Ed. 2d 624, 
633-34, 101 S. Ct. 1425, 1431-32 (1981).  Under this test, a party claiming that a state law burdened his right to free exercise carried the burden of proving that (1) his religious beliefs were sincerely held and (2) enforcement of the state law would impermissibly burden his right to free exercise.  
Sherbert
,  374 U.S. at 406-07, 
10 L. Ed. 2d at 971-72
, 83 S. Ct. at 1795-96.  Once these threshold burdens 
have been met, the burden then shifts to the state to prove that the law is based on a compelling state interest that cannot be served by less-restrictive means.  
Sherbert
, 374 U.S. at 406-07, 
10 L. Ed. 2d at 971-72
, 83 S. Ct. at 1795-96.

Plaintiff argues that such a test could properly be  applied in this case.  However, this argument ignores the last 12 years of Supreme Court jurisprudence.  In 1990, the Supreme Court, in 
Employment Division, Department of Human Resources v. Smith
, 494 U.S. 872, 878-79, 108 L. Ed. 2d 876
, 885-86
, 110 S. Ct. 1595, 1602 (1990), 
severely restricted the applicability of the 
Sherbert
 test.  In that case, the Court rejected the free exercise claims of two Native Americans who ingested peyote for sacramental purposes whose employment had been terminated at a drug rehabilitation center.  Under state law, the ingestion of peyote was illegal, and when the employees petitioned the state for unemployment benefits, their claims were denied on the basis of having committed work-related "misconduct."  
Smith
, 
494 U.S. at 874-75, 108 L. Ed. 2d at
 882-83, 110 S. Ct. at 1597-98.

Reviewing the Court's previous jurisprudence in the free exercise context, the Court recognized two basic free exercise principles.  First, the government is prohibited from regulating religious beliefs.  This principle prohibits the government from compelling the affirmation of religious beliefs, punishing religious expression thought to be false, or using religious doctrine as a basis for judicial decisions.  
Smith
, 494 U.S. at 877, 108 L. Ed. 2d at 884, 110 S. Ct. at 1599.  Second, and more critically to the case at bar, the Court held:

"[T]he right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'"  
Smith
, 494 U.S. at 879, 108 L. Ed. 2d at 886, 110 S. Ct. at 1600, quoting 
United States v. Lee
, 455 U.S. 252, 263 n.3, 71 L. Ed. 2d 127, 136 n.3, 
102 S. Ct. 1051, 1058 n.3
 (1982) (Stevens, J., concurring)
.

See also 
City of Boerne v. Flores
, 521 U.S. 507, 514, 
138 L. Ed. 2d 624, 635
, 117 S. Ct. 2157, 2161 (1997) ("
Smith
 held that neutral, generally applicable laws may be applied to religious practices even when not supported by a compelling government interest").

Critical to this determination was the Court's belief that any other rule would seriously hinder the government's ability to enforce generally applicable laws by requiring exceptions for religious practices of every conceivable character.  
Smith
, 494 U.S. at 888-89, 108 L. Ed. 2d at 892, 110 S. Ct. at 1605.  The result of such a standard would be "constitutionally required religious exemptions from civic obligations of almost every conceivable kind."  
City of Boerne
, 521 U.S. at 534, 
138 L. Ed. 2d at 648
, 117 S. Ct. at 2171.

Despite plaintiff's attempts to characterize 
Smith
 as a  "recent" Supreme Court case that "questions" whether the "[
Sherbert
] standard is the applicable standard in cases such as this one," the Supreme Court has not wavered in its commitment to the 
Smith
 standard since 1990.  See, 
e.g.
, 
City of Boerne
, 521 U.S. at 514, 
138 L. Ed. 2d at 635
, 117 S. Ct. at 2161; 
Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah
, 508 U.S. 520, 531-32, 124 L. Ed. 2d 472
, 489, 113 S. Ct. 2217, 2226 (1993)
.  While the 
Sherbert
 standard is more favorable to plaintiff, the Supreme Court's definitive analysis of free exercise claims applies.

But the Supreme Court's decision in 
Smith
 did not completely deny the applicability of the 
Sherbert
 test.  According to the Court in 
Smith
, a law must still be justified by a compelling state interest if it is not neutral or generally applicable.  
Hialeah
, 
508 U.S. at 531-32, 124 L. Ed. 2d at
 489, 113 S. Ct. at 2226
.  Thus, we need only consider whether section 6-106 of the Vehicle Code or the administrative rule implementing it are neutral or generally applicable.  We find both the statute and rule to be neutral and generally applicable.

According to the Supreme Court, a law is not "neutral" if the object of the law is to infringe upon or restrict practices because of their religious motivation.  
Smith
, 494 U.S. at 878-79, 108 L. Ed. 2d at 885-86
, 110 S. Ct. at 1599-1600; see also 
Hialeah
, 508 U.S. at 533,
 124 L. Ed. 2d at
 490-91, 113 S. Ct. at 2226-27.  In the case at bar, we fail to see how the statute and rule at issue could not be seen as neutral.  Facially, the statute and rule do not target religious practice and are not aimed at regulating any activity that could be even considered religious.  Certainly, applying for a driver's license is not among traditional religious practices.  Further
, the statute and rule cannot be said to be a "covert suppression of particular religious beliefs'  [Citation.]."  
Hialeah
, 508 U.S. at 534,
 124 L. Ed. 2d at 
491
, 113 S. Ct. at 2227
.  Plaintiff's beliefs notwithstanding, we are not persuaded that requiring an applicant for a driver's license to prove his identity as fully as possible has, as its primary purpose, some form of "religious gerrymander."  
Hialeah
, 508 U.S. at 534,
 124 L. Ed. 2d at
 491
, 113 S. Ct. at 2227
.  In sum, we find section 6-106(b) of the Vehicle Code and Title 92, section 1030.63, of the Illinois Administrative Code to be neutral.

Similarly, we are not persuaded that the statute and rule at issue are not generally applicable.  While the Supreme Court has not defined with precision the standard used to evaluate whether a law is of general application (see 5 R. Rotunda & and J. Nowak, Treatise on Constitutional Law--Substance & Procedure §21.8, at 133 n.20 (3d ed. 1999)), we do not find, and plaintiff has not offered, any reason why the statute and rule are
 not generally applicable.  
Every
 applicant for a driver's license must supply his social security number, unless he has not obtained a social security number on the basis of religious belief or is exempt from obtaining a social security number.  625 ILCS 5/6-106(b) (West 1998) ("
Every
 application 
shall
 state the *** social security number *** of the applicant ***" (emphases added)).  The only exemption from providing the social security number is not based on any religious classification but on the mere fact that an applicant has not obtained a social security number.  This demonstrates no animosity by the legislature to any religious group or practice, and may, in fact, reflect an acknowledgment that religious practice may involve a conscious choice to not apply for a social security number.  Overall, the statute and rule have only an incidental effect on religious practice.

Having determined the statute and rule to be a neutral law of general applicability, we see no need to apply the strict- scrutiny standard of 
Sherbert
.  In our view, the facts of this case fall squarely within the scope of 
Smith
; the law requiring a driver's license applicant to provide a social security number if the applicant has one is religiously neutral and generally applicable to all driver's license applicants.  Insofar as plaintiff did not fall within the limited exception to this rule, as he had previously obtained a social security number, the Secretary simply applied the law as written.  Thus, the application of the statute and rule to plaintiff did not burden plaintiff's right to free exercise of religion under the United States Constitution.

We are further persuaded that our decision to uphold the statute and rule under a federal constitutional analysis is bolstered by two cases with similar facts decided after 
Smith
.  In 
Miller v. Reed
, 176 F.3d 1202, 1206-08 (9th Cir. 1999), the court was presented with facts nearly identical to the case at bar:  the plaintiff, who had already obtained a social security number, refused to submit it on a driver's license renewal form, claiming a conflict with his religious beliefs.  Citing 
Smith
 and 
Hialeah
, the court found that the law requiring the submission of the social security number was religiously neutral and generally applicable and refused to find that the requirement violated the plaintiff's right to free exercise.  
Miller
, 176 F.3d at 1206-08.

A federal district court upheld a similar challenge based on the free exercise clause.  See 
Stoianoff v. Commissioner of Motor Vehicles
, 107 F. Supp. 2d 439, 449-50 (S.D.N.Y. 2000), 
aff'd
 
without
 
pub
. 
op
. 208 F.3d 204 (2nd Cir. 2001), 
cert
. 
denied
, 534
 U.S. 
  
, 151 L. Ed. 2d 266, 122 S. Ct. 352 (2001).

Moreover, the United States Supreme Court, in a case predating 
Smith
, held that the use of social security numbers in the administration of government programs is not susceptible to a free exercise challenge.  In 
Bowen v. Roy
, 476 U.S. 693, 699-701, 90 L. Ed. 2d 735, 744-45
, 106 S. Ct. 2147, 2152-53 (1986), the Court was presented with a challenge to the use of social security numbers in federal welfare programs.  The plaintiffs had been denied benefits because the obtaining and submission of a social security number was a condition to the receipt of the benefits, and the plaintiff had refused to submit her number, citing her Native American religious beliefs.  The Court declined to apply a compelling-interest test and further declined to recognize a free exercise claim based on the government's use of the social security number to administer the program, stating that the free exercise clause "affords an individual protection from certain forms of governmental compulsion [but] does not afford an individual a right to dictate the conduct of the [g]overnment's internal procedures."  
Bowen
, 476 U.S. at 700, 90 L. Ed. 2d at 744-45
, 106 S. Ct. at 2152; see also 
Sherbert
, 374 U.S. at 412, 10 L. Ed. 2d at 975, 83 S. Ct. at 1798 (the free exercise clause is "written in terms of what the government cannot do to the individual, not in terms of what the individual can exact from the government") (Douglas, J., concurring).

We are only further persuaded by the reasoning of 
Bowen
.  Plaintiff attempts to distinguish 
Bowen
 on several grounds, the strongest of which is that the Court in 
Bowen
 declined to address the question of whether an applicant may be 
compelled
 to supply a social security number as a condition of receiving government benefits.  While plaintiff's argument is correct, it has little bearing on our application of 
Bowen
 to the instant case.  The Court in 
Bowen
 failed to address the issue of whether a federal requirement that a person obtain and provide a social security number as a condition for receiving aid violated the free exercise clause, because the statute under consideration there did not provide an exemption for persons whose sincerely held religious beliefs prevented them from meeting that condition.  
Bowen
, 476 U.S. at 702-03, 90 L. Ed. 2d at 746-47, 106 S. Ct. at 2153-54.  That is not the case here.  Both section 6-106 of the Vehicle Code and its accompanying administrative rule provide an exemption for those who have not 
obtained
 a social security number.  The challenged statute and rule in no sense 
compel
 the applicant to obtain a social security number.  Rather, the statute and rule simply condition the grant of a driver's license on the submission of a social security number for those who have one.

Plaintiff's right to free exercise of religion under the United States Constitution has not been unconstitutionally burdened by the Secretary's requirement that he submit his existing social security number.  The statute and rule are religiously neutral laws of general applicability that have only an incidental effect of burdening plaintiff's particular religious practice.  Under the federal Constitution, then, we are bound to uphold the validity of such laws. 

2.  
The
 
Statute
 
and
 
Rule
 
Requiring
 
Driver's
 
License
 
Applicants

To
 
Submit
 
a
 
Social
 
Security
 
Number
 
Is
 
Valid
 
Under
 
the
 

Illinois
 
Constitution

Plaintiff also argues that the statute and rule violate article I, section 3, of the Illinois Constitution of 1970, which provides:

"The free exercise and enjoyment of religious profession and worship, without discrimination, shall forever be guaranteed, and no person shall be denied any civil or political right, privilege[,] or capacity, on account of his religious opinions; but the liberty of conscience hereby secured shall not be construed to *** justify practices inconsistent with the peace or safety of the State."  Ill. Const. 1970, art. I, §3.

While the text of Illinois' constitutional guarantee of free exercise is different from that in the United States Constitution, the resulting analysis is the same.  Under the Illinois Constitution, we still find that plaintiff's right to free exercise of religions was not unconstitutionally burdened by the Secretary's application of section 6-106 of the Code and its accompanying administrative rule.

We note at the outset that Illinois courts typically apply the "lockstep" doctrine, which dictates that provisions of the Illinois Constitution should be construed in the same manner as similar provisions of the United States Constitution.  
People v. Porter
, 122 Ill. 2d 64, 77, 521 N.E.2d 1158, 1162-63 (1988).  We adhere to this manner of interpretation unless we find an indication that the drafters intended otherwise (
Porter
, 122 Ill. 2d at 77, 521 N.E.2d at 1162-63) or a "clear indication from the Illinois Supreme Court to the contrary."  
People v. Russell
, 165 Ill. App. 3d 569, 573, 519 N.E.2d 6, 9 (1987).

 While the plain language of article I, section 3, indicates that the drafters intended protection of religious practice in Illinois to be more expansive than that guaranteed by the United States Constitution, our supreme court has determined otherwise.  In 
Falbe
, the Illinois Supreme Court applied the lockstep approach to article I, section 3, finding that the protections of religious practice afforded by that section are coextensive with those of the first amendment to the United States Constitution.  
Falbe
, 189 Ill. 2d at 645, 727 N.E.2d at 707, citing 
People ex rel. Klinger v. Howlett
, 56 Ill. 2d 1, 3-4, 305 N.E.2d 129, 130 (1973).  According to the court, "any statute which is valid under the first amendment is also valid under the Constitution of Illinois."  
Falbe
, 189 Ill. 2d at 645, 727 N.E.2d at 707.

In light of this positive statement from our supreme court, we are constrained to mirror our federal constitutional analysis in our analysis of the Illinois Constitution's protections of religious exercise.  Insofar as we have held that section 6-106 of the Vehicle Code and the administrative rule implementing it are valid under the United States Constitution and that the Secretary's application of those laws to plaintiff was not unconstitutional, we hold that the plaintiff's right to free exercise of religion under the Illinois Constitution was similarly not burdened by the Secretary's refusal to exempt him from the requirement that plaintiff submit his social security number on his driver's license application.

Our judgment in that regard is only further supported by case law from our supreme court and this court.  For example, in 
Department of Mental Health v. Warmbir
, 37 Ill. 2d 267, 226 N.E.2d 4 (1967), our supreme court construed the predecessor to article I, section 3, of the Illinois Constitution consistent with the United States Supreme Court's decision in 
Smith
.  In 
Warmbir
, a woman whose religion prohibited her from obtaining a divorce claimed that a provision of the mental health code that made spouses liable for services rendered to patients unable to pay could not be constitutionally applied to her in light of the Constitution's guarantees of free exercise of religion.  
Warmbir
, 37 Ill. 2d at 268, 226 N.E.2d at 5.  In rejecting her claim, the court concluded that although "[a] statute which had as its object the promotion or discouragement of a particular religion would be beyond the scope of government power," a statute that is "concerned with a legitimate governmental purpose" is not invalid "merely because as an incidental effect it may place at some disadvantage persons of a particular religious faith."  
Warmbir
, 37 Ill. 2d at 269-70, 226 N.E.2d at 6.  The court observed that "[t]he difficulty encountered, or the benefit which one must forego, is attributable not to the statute but to the religion or to the individual's own choice."  
Warmbir
, 37 Ill. 2d at 270, 226 N.E.2d at 6.

More specifically, this court has held that there is "no constitutional prohibition" against requiring an applicant for a driver's license to supply a social security number.  
Schmidt v. Powell
, 4 Ill. App. 3d 34, 38, 280 N.E.2d 236, 238 (1972).  In 
Schmidt
, we upheld the social security number requirement of a previous version of section 6-106 of the Vehicle Code, further finding that the statute was intended, 
inter
 
alia
, to promote the safety of those using the highways of Illinois.  
Schmidt
, 4 Ill. App. 3d at 38, 280 N.E.2d at 238.

In light of these strong precedents, as well as our supreme court's mandate to construe article I, section 3, of the Illinois Constitution in the same manner as the first amendment, we hold that plaintiff's right to free exercise of religion under the Illinois Constitution was not burdened by the Secretary's application of section 6-106 of the Vehicle Code and Title 92, section 1030.63, of the Illinois Administrative Code.

D. Plaintiff Has Forfeited Any Argument Under the 

Religious Freedom Restoration Act

Plaintiff's briefs also raise arguments under Illinois's Religious Freedom Restoration Act (Restoration Act) (775 ILCS 35/1 
through 99 (West 1998)).  We decline to address these arguments for two reasons.  First, we decline to address plaintiff's argument insofar as it is unclear exactly what plaintiff is arguing by raising the Restoration Act.  See 
Bank of Illinois v. Thweatt
, 258 Ill. App. 3d 349, 362, 630 N.E.2d 121, 130 (1994) (holding argument waived because a "reviewing court is entitled to have issues clearly defined").

However, as a more fundamental matter, plaintiff did not argue before the agency or the circuit court that the Secretary's application of the statute and rule requiring an applicant for a driver's license to submit a social security number violated the Restoration Act.  "It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal."  
Haudrich v. Howmedica, Inc.
, 169 Ill. 2d 525, 536, 662 N.E.2d 1248, 1253 (1996). 
 This becomes especially critical insofar as the Restoration Act creates a separate cause of action and requires that a claim be brought in a "judicial proceeding."  775 ILCS 35/20 (West 1998).
  Since plaintiff failed to raise the Restoration Act in the agency and circuit court, the issue is forfeited on appeal.

III.  CONCLUSION

For the reasons stated, we affirm the circuit court's judgment. 

Affirmed.

COOK and TURNER, JJ., concur.